**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**Roscoe CLARKE, Appellee.**

No. 15759.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Sept. 23, 1971.

Rehearing Denied Oct. 14, 1971.

Brackeen & Pennington, Warren Y. Pennington, Troy Stallones, Houston, for appellant.

McClure & Sharpe, Lawrence J. Madigan, Houston, for appellee.

BELL, Chief Justice.

This is an appeal by Allstate from a judgment sustaining a motion for summary judgment in favor of Roscoe Clarke and in overruling a summary judgment motion filed by appellant.

The controversy is over the sum of $9,-500.00 which is a part of the judgment recovered in a suit by Clarke, in which appellant had intervened, against C. T. Hilliard, Jr. and Hilliard Funeral Home. The recovery was for damages resulting from injuries suffered by Clarke personally as the result of an automobile accident. His wife was injured in the same accident and subsequently died as a result of the injuries she received. Suit was also by Clarke individually and in his capacity as community survivor to recover damages suffered by his wife and for loss to him because of her death. The collision resulting in the injuries occurred on January 23, 1966 in Houston. Clarke and his wife were fare-paying occupants in an ambulance belonging to Hilliard. The ambulance was in collision with an automobile driven by James E. Crummey, an uninsured motorist. Hilliard was insured.

Appellant was Clarke's insurer. The insurance policy is not in evidence and we therefore do not know its precise wording. The coverage was a voluntary one, insofar as uninsured motorist coverage is concerned, and is controlled by its wording because

issued before the passage of Article 5.06–1, Insurance Code of Texas, V.A.T.S., and the accident involved here occurred prior to the passage of such Article. The parties in their briefs agree that appellee and his wife were to be covered for damages resulting from death and bodily injuries, sickness and disease caused by the negligence of an uninsured motorist.

Appellee made his claim against appellant at a date not shown but appellant paid appellee $9,500.00 May 25, 1967. Appellee had filed his suit in the capacities above stated against Hilliard on October 20, 1966. The suit encompassed pleadings seeking to recover damages because of bodily injuries to himself, to his wife and for the death of his wife.

As above stated, appellant paid appellee $9,500.00. Contemporaneously with such payment Clarke and appellant entered into a trust agreement making Clarke trustee for appellant as beneficiary. The agreement recited that appellee had sustained "damages because of bodily injury, sickness, disease or death" and had filed a claim with appellant under its policy. It was then recited that "in consideration of the payment to be made pursuant to said bodily injury benefit coverage, it is hereby agreed that the Trustee will hold for the benefit of the Beneficiary all rights, claims, and cause of action which Trustee has or may have *against James Edward Crummey* because of bodily injury, sickness or disease or death which is the subject of the claim made against the Beneficiary." (emphasis ours unless otherwise stated) Then follows a provision that the Trustee will take through any representative designated by the Beneficiary such action as may be necessary to recover damages suffered by Trustee from *James Edward Crummey* who may be legally liable therefor. Further it provided that any monies recovered should be held in trust for the beneficiary except as to any recovery in excess of the amount paid by appellant to appellee.

The suit by Clarke was only against Hilliard alleging the negligence of Hilliard and recovery of $82,500.00 was sought.

Appellant intervened in the suit, complaining of Roscoe Clarke. The petition in intervention alleged that under the terms of its policy it became obligated to pay and did pay to appellee for personal injuries suffered by appellee and his wife. It then asserted that by the terms of the policy it became subrogated "to any cause of action Plaintiff has against any other party causing the injuries, and is, therefore, entitled to receive $9,500.00, out of any recovery Plaintiff might make in this suit." Appellant then alleges that its cause of action arose out of that portion covered by Part V entitled "Protection Against Uninsured Motorists" and under that portion of Part V entitled "Trust Agreement." Then the pleading of intervenor purports to quote the provisions of the Trust Agreement. The provisions are, in substance, as follows:

1. Appellant shall be entitled to the extent of its payment to the proceeds of any judgment or settlement that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made.

2. The trustee shall hold in trust for the benefit of appellant all rights of recovery which he shall have against such other person or organization because of damages which are the subject of claim made under Part V.

3. Such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights.

4. If requested by the Company in writing such person shall take such action as may be necessary to recover such payment as damages from such other person or organization.

5. Such person shall execute and deliver to the Company such instruments as may be appropriate to secure the rights and ob-

ligations of such person and the Company established by this provision.

There is then the allegation by intervenor that appellee is not entitled to keep the full amount he should recover against Hilliard because he would be unjustly enriched. Further, appellant alleges it never intended by signing the Trust Agreement of May 25, 1967, which we have heretofore discussed, to release any rights against anyone causing the accident.

We find no pleading by appellee replying to the Petition in Intervention.

On June 26, 1969, an agreed judgment was entered. It recited that Clarke, appellant and Hilliard appeared and announced that a compromise settlement agreement had been reached between them under the terms of which Hilliard agreed to pay a total of $22,500.00 and costs, $13,000.00 to be paid to Clarke and $9,500.00 to be paid into the registry of the Court. The $22,500.00 was to be in settlement of all claims appellant and appellee had against Hilliard growing out of the accident and Hilliard was released by appellant and appellee from further liability. The $9,500.00 was to be held subject to the conflicting claims of Clarke and Allstate. The agreement also provided that the third party action by Hilliard against Crummey was to be dismissed. The separate suit by Crummey, which had been consolidated with this suit, was severed.

The judgment carried the agreement into effect and the suit by Hilliard against Crummey was dismissed. It was ordered that Clarke and Allstate recover against Hilliard $22,500.00, $9,500.00 of which was to be held in Court for the reason above stated.

On September 12, 1969, appellant filed its unsworn motion for summary judgment. The motion recited the entry of the agreed judgment and recited "the aforementioned agreement and judgment recites that the claim of the Intervenor * * * arises by reason of its payment to Roscoe Clarke as

its insured of that sum of money under the uninsured motorist coverage it had previously issued to the said Roscoe Clarke." It further recites "that the pleadings and agreed judgment on file show no genuine issue as to any material fact and Intervenor is entitled to judgment as a matter of law." An affidavit filed in support of the motion recites "On May 25, 1967, Allstate Insurance Company paid to Roscoe Clarke the sum of $9,500.00 in full settlement of any and all claims under uninsured motorist coverage arising out of an accident on or about January 23, 1966, in Houston, Harris County, Texas, such payment being made in accordance with coverage provided under policy number 29–981–328."

December 8, 1969, appellee filed his motion for summary judgment. The motion recited that the agreed judgment signed by Clarke and Intervenor dismissed all causes of action against Crummey and severed the suit filed by Crummey against Hilliard. It then recites that appellant seeks to recover under the terms of the trust agreement "all as set out in the terms of the policy included in the First Amended Petition in Intervention." Appellee then set up that payment was made by appellant in accordance with the terms of the policy and in consideration of such payment and contemporaneously therewith Clarke and Intervenor entered into a trust agreement, a copy of which was attached to the motion. The motion is supported by an affidavit which attests to the fact that the attached agreement "is a true and correct photocopy of the original, unchanged in any respect." This trust agreement is the one executed May 25, 1967, that we have previously described, which preserves to Intervenor any rights Clarke might have against Crummey and which makes no mention of any rights Clarke may have against anyone else. The motion asserted that this trust agreement modified and altered the terms of the original contract and was supported by the consideration of $9,500.00, and that any rights Intervenor had in appellee's cause of action against Hilliard were foreclosed by the

modification of the original contract. Further, it is asserted that the dismissal of the suit against Crummey by the agreement of Intervenor foreclosed all rights of Intervenor. The motion states that the applicable parts of the contract of insurance were plead in the petition in intervention and specifically provides that any money recovered by insured from the parties was to be held in trust for the insurer and the concept of subrogation is not mentioned. The motion urges the contract where it provides the insurer shall be entitled to the proceeds of any judgment or settlement that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made can only mean "the uninsured motorist for the uninsured motorist is the person responsible *because of which such payment was made.*" Appellee urges no payment was made because of injuries caused by an insured motorist. The only proceeds that could be held in trust would be those recovered from the uninsured motorist. Since Intervenor consented to the dismissal of Crummey, it has no trust rights in the money recovered from Hilliard.

On December 16, 1969, R. E. Prendergast, appellant's representative who negotiated with appellee's counsel which resulted in the payment of the $9,500.00 and the execution of the trust agreement of May 25, 1967, filed an affidavit in opposition to appellee's motion for summary judgment. In the affidavit Prendergast stated, "It was not my intention when I signed the Trust Agreement to add to or subtract from any legal rights Allstate Insurance Company had at that time against any person or corporation arising out of the accident which caused the injuries to Plaintiff Roscoe Clarke and his wife. I allowed the form to be changed from the usual Trust form only after assuring the attorney for Plaintiff, Roscoe Clarke, that I did not intend changing any legal rights Allstate Insurance Company might have had at the time. It was my understanding at the time,

that the Trust Agreement prepared by the attorney for Roscoe Clarke was not meant to alter the original contract and to limit any of Allstate Insurance Company's rights to subrogation. I specifically pointed out and reiterated that it was Allstate Insurance Company's intention to retain its subrogation rights against any and all parties, and specifically Hilliard Funeral Home, Inc., the Defendant in this case. Mr. McClure, the attorney for Roscoe Clarke, specifically mentioned that Hilliard Funeral Home, Inc., was not in a position to settle the case at that point, and would have to be dealt with later."

The affidavit then states "the parties to the Trust Agreement" clearly understood Allstate would retain its rights against Hilliard and that affiant would not have paid the $9,500.00 or entered into the Trust Agreement if this had not been the understanding.

No response was made by appellee to this affidavit by appellant's agent.

In February, 1970, the court rendered a judgment purporting to deny Allstate's motion for summary judgment and to grant that of Clarke. Allstate appealed but this court dismissed the appeal for want of disposition of all parties to the suit. By nunc pro tunc entry on November 23, 1970, a final judgment was rendered and signed, and this appeal is from this latter judgment.

The position of Allstate is that the court erred in sustaining Clarke's motion and in denying its motion and it asks that we reverse and render judgment in its favor. The basis of its position is that the policy of insurance issued by it to Clarke provided it would pay Clarke for damages resulting to him from bodily injuries, death, sickness and disease because of the negligence of an uninsured motorist and that on payment of $9500. it became subrogated to Clarke's rights against the uninsured motorist and Hilliard, the joint tortfeasor. Allstate asserts its rights to be reimbursed on three grounds which are as follows:

1. Subrogation in equity.

2. Unjust enrichment to Clarke.

3. The "Trust Agreement" allegedly contained in the policy which we have previously noticed giving Allstate the right to be repaid out of recovery against anyone causing the bodily injury.

Clarke takes the position that there was no error in overruling the appellant's motion because the policy of insurance was not presented anywhere in the record. Clarke also asserts the trial court correctly sustained his motion. As reasons Clarke asserts the only right, if any, appellant had was the right to assert the cause of action Clarke might have against the uninsured motorist, Crummey, by reason of the "Trust Agreement" of May 25, 1967. Clarke says this "Trust Agreement" took the place of the "Trust Agreement" allegedly contained in the policy, and it gave rights only against Crummey. Clarke denies that Allstate has any rights even as against Crummey because in the agreed judgment of June 26, 1969 Allstate consented to a dismissal of Hilliard's third-party action against Crummey which sought indemnity or contribution.

Allstate's motion did not have attached any sworn copy of its policy of insurance as contemplated by Rule 166A, nor does the policy appear in the record. However, in its plea in intervention and its motion for summary judgment it recites the "Trust Agreement" allegedly contained in the policy. The motion also states that on a basis of the pleadings and agreed judgment on file it is entitled to judgment as a matter of law. The motion is supported by an affidavit stating Allstate paid $9500. in settlement of any and all claims under the uninsured motorist coverage of its policy. This motion was filed September 12, 1969.

■ The motion standing alone is not in compliance with Rule 166A in that no sworn copy of the policy or its pertinent parts was attached. So far as the record shows Clarke did not except in the trial court to such deficiencies. See Youngs-

town Sheet & Tube Co. v. Penn, 363 S.W. 2d 230 (Tex.Sup.). However, as noticed below, on December 8, 1969, before a hearing on Allstate's motion, Clarke filed his motion for summary judgment. While it is not labeled a reply to Allstate's motion it in fact amounts to such as well as a motion for summary judgment by Clarke. In Clarke's motion he complains that the policy is not in evidence, but he affirmatively states that Allstate is therefore confined to the portion of the uninsured motorist policy "as set out in the terms of the policy included in the First Amended Petition in Intervention." The parties agree that the insurance covered bodily injury, death, sickness or disease.

Both motions were heard at the same time.

We are of the view that under the circumstances stated Clarke has admitted that Allstate made payment for bodily injury, death, disease and sickness resulting to Clarke and his wife and that the "Trust Agreement" set out in Allstate's petition in intervention is a correct statement of such agreement as contained in the policy. Under such circumstances we feel we may consider Allstate's motion in the same manner as if it contained a sworn copy of the insuring clause and the "Trust Agreement" contained in the policy.

We hold that the trial court did not err in overruling Allstate's motion for summary judgment but that it did err in sustaining Clarke's motion. There were issues of fact to be determined. Neither party established as a matter of law its right to recover, as required by Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.).

■ We think it basic that an innocent party is to be fully compensated by a joint tortfeasor for his loss. Robertson v. Trammell, 37 Tex.Civ.App. 53, 83 S.W. 258 (C. C.A.), writ ref. 98 Tex. 364, 83 S.W. 1098. We think this philosophy is most recently reaffirmed in McMillen v. Klingensmith, 467 S.W.2d 193 (Tex.Sup.). Of course, the

injured party is entitled to but one satisfaction. Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W.2d 703.

■ In the instant case when Allstate paid $9500. to Clarke it became subrogated in equity to Clarke's rights against Crummey, the uninsured motorist, to the extent of its payment. Anchor Casualty v. Robertson Transport Co., Tex.Civ.App., 389 S.W.2d 135 (C.C.A.—Corpus Christi), ref., n. r. e.; Magnolia Pipe Line Co. v. Security Union Insurance Co., Tex.Civ.App., 37 S.W.2d 1062 (C.C.A.—Beaumont), n. w. h.; State Farm Mutual Automobile Ins. Co. v. Elkins, Tex.Civ.App., 451 S.W.2d 528 (C.C.A.—Tyler), n. w. h. Additionally, Clarke, under the "Trust Agreement" of May 25, 1967, executed when Allstate made payment, agreed to hold any recovery he made against Crummey for the benefit of Allstate. However, it does not appear in the record that there was any recovery against Crummey by Clarke. What Allstate is really seeking is reimbursement from Clarke out of the damages Clarke recovered from the joint tortfeasor Hilliard under the agreed judgment of June 1969. Allstate in effect is seeking contribution to the extent of its payment. It seeks to place itself in the shoes of Crummey. It does not, however, stand in Crummey's shoes. It stands in the shoes of Clarke against Crummey. Crummey was not the insured under Allstate's policy. Clarke was the insured. Hobbs v. Buckeye Union Casualty, 212 F. Supp. 349 (D.C.W.D. of Va.).

In the record here there has been no determination of Clarke's total damages. There was payment of $9500. by Allstate. We do not know the limits of the policy because it is not furnished by the record. The amount paid may have been in compromise and settlement. The agreed judgment against Hilliard was in compromise and settlement of the claim against Hilliard. The judgment was only against Hilliard.

■ We hold that the trust agreement set out in the policy as recited in Allstate's petition in intervention, unless superseded by the trust agreement of May 1967, would give Allstate a right of reimbursement from any recovery against Hilliard, the joint tortfeasor. To us its wording clearly gives this right against anyone legally liable for payment for the bodily injury caused.

The question at issue is whether the Trust Agreement of May 1967 superseded the one contained in the policy. With regard to this we hold there was a fact issue as to the intention of the parties.

The instrument of May 1967 makes Clarke trustee for Allstate as to any recovery he might make against Crummey, the uninsured motorist. It is silent as to Clarke's being trustee as to any recovery he should make against Hilliard.

In opposition to Clarke's motion for summary judgment, Mr. Prendergast, who negotiated with the attorney for Clarke, filed an affidavit in which he states, among other things, that he specifically pointed out and reiterated that it was Allstate's intention to retain its subrogation rights against any and all other parties and specifically Hilliard Funeral Home, Inc., the defendant in the case.

■ Whether a subsequent agreement works a novation is a question of intention. For there to be a novation it must clearly appear such was the intention of the parties. Novation is never presumed. Currie et al. v. Trammell, Tex.Civ.App., 289 S.W. 736 (C.C.A.—El Paso), writ ref.; McElwrath v. City of McGregor, Tex.Civ.App., 58 S.W.2d 851 (C.C.A.—Waco), writ dism'd; Chastain et al. v. Cooper & Reed et al., 152 Tex. 322, 257 S.W.2d 422; Austin v. Guaranty State Bank of Copperas Cove et al., Tex.Civ.App., 300 S.W. 129 (C.C.A.—Waco), n. w. h.; Crook v. Zorn, 95 F.2d 782 (5 Cir.).

■ We hold that the Trust Agreement of May 1967 does not show as a matter of law that it was intended by the parties

to take the place of the Trust Agreement in the policy. There is no such inconsistency between them as to work a novation.

The case is reversed and remanded.