In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________


 

NO. 09-07-437 CV


NO. 09-07-395 CV


____________________



IN RE BATH JUNKIE FRANCHISE, INC.



and



BATH JUNKIE FRANCHISE, INC., Appellant



V.



HYGIENE, L.L.C., CHERYL PINSON, INDIVIDUALLY, AND


DEBRA REDDEN, INDIVIDUALLY, Appellees





Original Proceeding


and


On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 06-08-07829 CV





OPINION


 By way of petition for writ of mandamus and interlocutory appeal, Bath Junkie
Franchise, Inc. ("Bath Junkie") seeks relief from the trial court's denial of its motion to
compel arbitration. In a single issue, Bath Junkie contends that the trial court abused its
discretion in denying the motion. We have consolidated the two proceedings and dispose of
them simultaneously. We agree that the trial court erred when it denied Bath Junkie's request
for arbitration and conditionally grant the petition for mandamus in Cause No. 09-07-437
CV. Having granted full relief under our mandamus jurisdiction, we dismiss as moot Bath
Junkie's interlocutory appeal in Cause No. 09-07-395 CV.

Background and Procedural History


 On April 9, 2005, Bath Junkie, an Arkansas corporation, and Hygiene, L.L.C.
("Hygiene"), a Texas corporation, entered into a franchise agreement ("Franchise
Agreement") whereby Hygiene was to open a Bath Junkie franchise in The Woodlands,
Texas. (1) The Franchise Agreement contained an arbitration clause providing:

 that any dispute or controversy arising out of or relating to this
Agreement not settled by informal negotiations shall, at the
request of either party, be settled by final and binding arbitration
conducted in accordance with the then current Commercial
Arbitration Rules of the American Arbitration Association or its
successor organization (the "AAA") . . . . 


Several sections in the Franchise Agreement, including the arbitration provision, were subject
to a survival clause that made such terms "survive termination or expiration of this
Agreement (regardless of which party initiates termination or whether termination is
wrongful) . . . ."

 Subsequently, the relationship between the parties deteriorated, and on October 19,
2005, the parties executed a Termination of Franchise Relationship ("Termination
Agreement"). The Termination Agreement required Bath Junkie to pay Hygiene $61,400 in
exchange for the termination of the parties' franchise relationship. Hygiene also agreed to
transfer its unencumbered lease to Bath Junkie. 

 In January of 2006, Bath Junkie issued a check to fund the Termination Agreement. 
Subsequently, Bath Junkie stopped payment on the check. Bath Junkie claimed that Hygiene
"failed and refused to transfer its lease free and clear of all encumbrances, insisting on the
return of its security/rental deposit."

 Hygiene sued Bath Junkie claiming that Bath Junkie breached the Termination
Agreement, committed fraud, and engaged in a conspiracy. Bath Junkie subsequently
counterclaimed against Hygiene, alleging that Hygiene breached the Termination Agreement
and tortiously interfered with an existing contract between Bath Junkie and its new
franchisee.

 A year after filing its answer and counterclaim, Bath Junkie filed its Application to
Compel Arbitration and Verified Motion to Abate Proceedings Pending Arbitration. In
response, Hygiene pled the defense of novation. Under that doctrine, Hygiene asserted that
the legal obligations of the parties under the Termination Agreement replaced the parties'
obligations under the Franchise Agreement, thereby making the Franchise Agreement's
arbitration provision unenforceable. Hygiene also claimed that Bath Junkie waived its right
to compel arbitration of the claims. The trial court, after conducting a hearing, denied Bath
Junkie's request for abatement and arbitration. The trial court's order does not identify the
reasons for its decision. Bath Junkie filed a petition for writ of mandamus and interlocutory
appeal, claiming that the trial court erred in denying its motion to compel arbitration. 

Mandamus and Interlocutory Appeal


 Initially, we address whether this case is properly before us by way of petition for writ
of mandamus, interlocutory appeal, or both. When, as here, a parallel mandamus proceeding
and an interlocutory appeal are brought under the Federal Arbitration Act (FAA) (2) and the
Texas Arbitration Act (TAA), (3) we consolidate the two proceedings, consider them together,
and dispose of both in a single opinion. In re Valero Energy Corp., 968 S.W.2d 916, 916-17
(Tex. 1998) (orig. proceeding). When a trial court denies a motion to compel based on the
FAA, the motion is reviewed by mandamus. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266,
272 (Tex. 1992). When a trial court denies a motion to compel based on the TAA, the
motion is reviewed by interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann. § 171.098
(Vernon 2005). 

 The FAA applies to contracts evidencing transactions that involve interstate
commerce. 9 U.S.C.A. §§ 1, 2 (West 1999); Tipps, 842 S.W.2d at 269-70. The Franchise
Agreement involves interstate commerce because it involves an Arkansas corporation's
franchise of its business to a Texas corporation. Thus, the FAA applies to this case. 

 In addition, the Franchise Agreement contains an Arkansas choice of law provision. 
When the relevant contract provides that another state's substantive law applies, there is no
legal or contractual basis to invoke the TAA. See In re J.D. Edwards World Solutions Co.,
87 S.W.3d 546, 551 (Tex. 2002) (orig. proceeding); In re Citigroup Global Markets, Inc.,
202 S.W.3d 477, 480-81 (Tex. App.-Dallas 2006, orig. proceeding). Finally, the parties do
not dispute the application of the FAA. Accordingly, we conclude that the FAA governs and
review the trial court's decision by virtue of Bath Junkie's mandamus petition. Therefore,
we dismiss Bath Junkie's interlocutory appeal. 

Standard of Review


 Mandamus will issue to correct a clear abuse of discretion for which the remedy by
appeal is inadequate. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). 
A trial court has no discretion in determining what the law is or in applying the law to the
facts, and a clear failure to analyze or apply the law correctly will constitute an abuse of
discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). When a motion to compel
arbitration under the FAA has been erroneously denied, there is no adequate remedy by
appeal, and mandamus will issue. In re Merrill Lynch Trust Co. FSB, 123 S.W.3d 549, 553
(Tex. App.-San Antonio 2003, orig. proceeding); see also In re Nexion Health at Humble,
Inc., 173 S.W.3d 67, 69 (Tex. 2005) (per curiam). 

Analysis


 A party seeking to compel arbitration must establish the existence of a valid
arbitration agreement and show that the claims in dispute fall within the scope of that
agreement. In re Bank One, N.A., 216 S.W.3d 825, 826 (Tex. 2007) (per curiam); In re
Kellogg Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005). In determining the validity
of arbitration agreements under the FAA, we generally apply state-law principles governing
the formation of contracts. (4) In re Palm Harbor Homes, Inc., 195 S.W.3d 672, 676 (Tex.
2006) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920,
131 L.Ed.2d 985 (1995)). 

 Whether a valid arbitration agreement exists is a legal question subject to de novo
review. In re D. Wilson Const. Co., 196 S.W.3d 774, 781 (Tex. 2006). Once the trial court
determines that a valid arbitration agreement exists, the burden shifts to the party opposing
arbitration to prove its defenses. J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex.
2003). Once the moving party establishes the existence of a valid arbitration agreement, the
trial court then determines whether the nonmovant's claims fall within the scope of the
arbitration clause. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001). 

Valid Agreement to Arbitrate


 First, we determine whether Bath Junkie met its burden to establish that a valid
agreement to arbitrate existed. Bath Junkie's motion to compel arbitration is based on the
Franchise Agreement's arbitration provision. Hygiene does not deny that the Franchise
Agreement contains an arbitration provision; instead, it contends that the Termination
Agreement terminated the Franchise Agreement and constituted a new contract between the
parties, thus, taking the place of the Franchise Agreement. Hygiene points out that the
Termination Agreement does not include or incorporate the Franchise Agreement's
arbitration provision. Hygiene further relies on the Termination Agreement's merger clause,
contending that the clause defeats the Franchise Agreement's survival clause.

 Bath Junkie asserts that the arbitrator, and not the trial court, should decide the effect
of the Termination Agreement. We disagree. When determining whether a later agreement
between the parties revokes an arbitration clause, the determination lies with the court
because "[w]ithout an agreement to arbitrate, arbitration cannot be compelled." Valero
Energy Corp. v. Teco Pipeline Co., 2 S.W.3d 576, 586 (Tex. App.-Houston [14th Dist.]
1999, no pet.) (citing Freis v. Canales, 877 S.W.2d 283, 284 (Tex. 1994) (orig. proceeding)
(per curiam)); see also TransCore Holdings, Inc. v. Rayner, 104 S.W.3d 317, 321-23 (Tex.
App.-Dallas 2003, pet. denied). By considering the novation claim, the trial court fulfills its
obligation to determine whether an enforceable arbitration agreement exists between the
parties. See TransCore, 104 S.W.3d at 323.

 The party urging novation as a defense bears the burden of proof. Honeycutt v.
Billingsley, 992 S.W.2d 570, 577 (Tex. App.-Houston [1st Dist.] 1999, pet. denied). 
Novation occurs if a contract evidences an intention to relinquish and extinguish pre-existing 
claims and rights of action; in lieu of the old obligation, a party accepts the promise of
performance of the new obligation instead of the performance itself. Priem v. Shires, 697
S.W.2d 860, 863-64 & n.3 (Tex. App.-Austin 1985, no writ). The new contract discharges
the original obligation and only the new obligations may be enforced. Id. Therefore, to
prove novation, Hygiene must prove (1) the validity of a previous obligation, (2) an
agreement among all parties to accept a new contract, (3) the extinguishment of the previous
obligation, and (4) the validity of the new agreement. Fulcrum Cent. v. AutoTester, Inc., 102
S.W.3d 274, 277 (Tex. App.-Dallas 2003, no pet.) (citing Vickery v. Vickery, 999 S.W.2d
342, 356 (Tex. 1999)). A court may infer that a new agreement is a novation of an earlier
agreement when the new agreement is so inconsistent with the earlier agreement that the two
agreements cannot subsist together. CTTI Priesmeyer, Inc. v. K&O Ltd. P'ship, 164 S.W.3d
675, 681 (Tex. App.-Austin 2005, no pet.) (citing Fulcrum, 102 S.W.3d at 277). 

 In the absence of provisions so inconsistent that both contracts cannot stand, "a second
contract will operate as a novation of a first contract only when the parties to both contracts
intend and agree that the obligations of the second shall be substituted for and operate as a
discharge of the obligations of the first." Chastain v. Cooper & Reed, 152 Tex. 322, 257
S.W.2d 422, 424 (1953). A new agreement can establish novation as a matter of law when
the state of the evidence is such that reasonable minds cannot differ as to its effect. Id. 
Whether a subsequent agreement operates as a novation of the first is a question of intent. 
Allstate Ins. Co. v. Clarke, 471 S.W.2d 901, 907 (Tex. Civ. App.-Houston [1st Dist.] 1971,
writ ref'd n.r.e.). It must clearly appear that the parties intended a novation; novation is
never presumed. Id. 

 Hygiene contends that the language of the Termination Agreement conclusively
establishes that Hygiene and Bath Junkie intended the Termination Agreement to replace the
Franchise Agreement. Specifically, Hygiene claims that the agreements cannot coexist
because the second agreement "terminates" the Franchise Agreement. Moreover, Hygiene
argues that the merger clause and certain release language contained within the Termination
Agreement evidence a novation. Bath Junkie, on the other hand, asserts the Termination
Agreement specifically provided that the parties would remain liable under the Franchise
Agreement unless both parties complied with certain obligations as set forth in the
Termination Agreement. Bath Junkie also relies upon the survival clause in the Franchise
Agreement as evidence that the parties did not intend for the Termination Agreement to
extinguish all of the obligations in the Franchise Agreement.

 Contrary to Hygiene's position--that the Termination Agreement's release provision
illustrates the parties intended a novation, we conclude that the language Hygiene relies upon
evidences the parties' intention to extend the force of the Franchise Agreement to the fullest
extent possible. In reciprocal provisions, the parties agreed "should [that party] perform [its]
obligations under this Termination Agreement without an uncured event of default, [the other
party] will release and forever discharge [that party] . . . from all liability arising out of the
Franchise Agreement." (emphasis added). This release language is conditional because it
requires each party to perform future obligations before that party is released from
obligations under the Franchise Agreement. As a result, the Termination Agreement's
language does not support Hygiene's claim that the parties intended the Termination
Agreement to replace and extinguish preexisting claims and rights of action under the
Franchise Agreement. See Priem, 697 S.W.2d at 863-64 & n.3; see also TransCore, 104
S.W.3d at 322. Rather than a novation, we conclude that the parties intended to create a
release upon each party's performance of the terms of the Termination Agreement. Unlike
the parties in TransCore, who "negotiated a new agreement with new consideration that
[unequivocally] released both parties of all previous obligations," Hygiene and Bath Junkie
agreed to release each other from the liabilities arising out of the Franchise Agreement only
upon the satisfaction of certain obligations. See generally TransCore, 104 S.W.3d at 321-22. 

 In summary, because the Termination Agreement was conditional, we conclude that
the Termination Agreement did not replace the Franchise Agreement. Accordingly, we find
that Bath Junkie satisfied its burden of showing a valid agreement to arbitrate.

Scope of the Arbitration Agreement


 Bath Junkie also bore the burden of proving that the dispute fell within the scope of
the arbitration agreement. Kellogg Brown & Root, 166 S.W.3d at 737. To determine
whether claims fall within the scope of an arbitration provision, a court must "focus on the
complaint's factual allegations rather than the legal causes of action asserted." FirstMerit
Bank, 52 S.W.3d at 754 (footnote omitted). Generally, if the facts alleged "touch matters"
that are covered by, have a "significant relationship" to, are "inextricably enmeshed" with,
or are "factually intertwined" with the contract that contains the arbitration agreement, the
claims are arbitrable. Pennzoil Co. v. Arnold Oil Co., 30 S.W.3d 494, 498 (Tex. App.-San
Antonio 2000, orig. proceeding) (citing Hou-Scape, Inc. v. Lloyd, 945 S.W.2d 202, 205-06
(Tex. App.-Houston [1st Dist.] 1997, orig. proceeding)). In other words, to come within the
scope of the arbitration provision, a party's allegations need only be factually intertwined
with arbitrable claims or otherwise touch upon the subject matter of the agreement containing
the arbitration provision. See Prudential Sec. Inc. v. Marshall, 909 S.W.2d 896, 900 (Tex.
1995) (per curiam). 

 Here, the arbitration provision provided "that any dispute or controversy arising out
of or relating to [the Franchise Agreement]" would be subject to arbitration. Courts have
construed similar language in arbitration agreements broadly to favor the arbitration of
claims. See Hou-Scape, 945 S.W.2d at 205-06; see also Pennzoil Exploration & Prod. Co.
v. Ramco Energy Ltd., 139 F.3d 1061, 1067-68 (5th Cir. 1998) (Federal courts applying the
FAA to such language have termed it "extremely broad" and "capable of expansive reach."). 
"[A] court should not deny arbitration 'unless it can be said with positive assurance that an
arbitration clause is not susceptible of an interpretation which would cover the dispute at
issue.'" Marshall, 909 S.W.2d at 899 (quoting Neal v. Hardee's Food Sys., Inc., 918 F.2d
34, 37 (5th Cir. 1990)). Courts must resolve any doubts about an arbitration agreement's
scope in favor of arbitration. FirstMerit Bank, 52 S.W.3d at 753. 

 In this light, we consider whether Hygiene's claims are within the scope of the
arbitration agreement. See Hou-Scape, 945 S.W.2d at 205. Hygiene's petition omits any
reference to the Franchise Agreement, and its allegations refer solely to the Termination
Agreement. Nonetheless, Hygiene relies on the same nucleus of facts to support all of its
claims: (1) breach of contract, (2) fraud, and (3) conspiracy. (5) With respect to the breach of
contract claim, Hygiene alleges that Bath Junkie, by stopping payment on its check, breached
the Termination Agreement. Regarding the fraud and conspiracy claims, Hygiene contends
that Bath Junkie, together with the other co-defendants, induced Hygiene to execute a lease
assignment resulting in Hygiene's forfeiture of its right to its security deposit. Hygiene
further alleges that when Bath Junkie engaged in these acts, Bath Junkie knew it was going
to stop payment on the check.

 The facts of the dispute are related to the Franchise Agreement. Without the parties'
relationship that arose from the Franchise Agreement, Hygiene and Bath Junkie would not
have entered into the Termination Agreement. See Gerwell v. Moran, 10 S.W.3d 28, 32
(Tex. App.-San Antonio 1999, no pet.). Thus, Hygiene's claims regarding Bath Junkie's
alleged breach of contract, fraud, and conspiracy touch upon, relate to, and are intertwined
with the parties' Franchise Agreement. We conclude that Hygiene's claims arise out of and
relate to the Franchise Agreement. Thus, we hold that the claims are within the scope of the
claims the parties agreed to submit to arbitration. 

Defenses to Arbitration


 An order denying arbitration must be upheld if it is proper on any basis considered by
the trial court. See In re H.E. Butt Grocery Co., 17 S.W.3d 360, 367 (Tex. App.-Houston
[14th Dist.] 2000, orig. proceeding); City of Alamo v. Garcia, 878 S.W.2d 664, 665 (Tex.
App.-Corpus Christi 1994, no writ). Therefore, we also address the defenses Hygiene raised
to the arbitration agreement. 

 In its brief on appeal, Hygiene asserts the doctrine of specific performance and waiver
as defenses to the enforcement of the arbitration provision. A party seeking specific
performance must plead and prove that it is ready, willing, and able to perform its part of the
contract according to its terms. See 17090 Parkway, Ltd. v. McDavid, 80 S.W.3d 252, 258
(Tex. App.-Dallas 2002, pet. denied); Holt v. Elliott Indus. Inc., 711 S.W.2d 435, 437 (Tex.
App.-Fort Worth 1986, no writ). On the record before the trial court, we do not find that
Hygiene raised specific performance. As Hygiene never raised specific performance as a
defensive issue with the trial court, it is waived. See generally Dreyer v. Greene, 871 S.W.2d
697, 698 (Tex. 1993) (holding that a claim, including a constitutional claim, generally must
have been asserted in the trial court to be preserved on appeal).

 Hygiene, however, did plead that Bath Junkie waived its right to rely on the arbitration
provision. Whether a party has waived its right to arbitrate presents a question of law that
we review de novo. In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 574 (Tex. 1999),
abrogated in part on other grounds by In re Halliburton Co., 80 S.W.3d 566 (Tex. 2002);
Jones v. Citibank (S.D.), NA, 235 S.W.3d 333, 340 (Tex. App.-Fort Worth 2007, no pet.). 
Because public policy favors arbitration, there is a strong presumption against waiver under
the FAA. See D.Wilson Const., 196 S.W.3d at 783; In re Vesta Ins. Group, Inc., 192 S.W.3d
759, 763 (Tex. 2006) (per curiam). A "heavy burden of proof" is required to establish waiver
of arbitration rights, and the court must resolve all doubt in favor of arbitration. In re Bruce
Terminix Co., 988 S.W.2d 702, 705 (Tex. 1998) (per curiam). Waiver occurs if the party
requesting arbitration "has substantially invoked the judicial process to its opponent's
detriment." Id. at 704. Thus, absent a showing of prejudice by the opposing party, waiver
does not result by invoking the judicial process alone. Id.

 Waiver of the right to arbitration must be intentional. EZ Pawn Corp. v. Mancias, 934
S.W.2d 87, 89 (Tex. 1996); In re Certain Underwriters at Lloyd's, 18 S.W.3d 867, 872 (Tex.
App.-Beaumont 2000, orig. proceeding). After suit has been filed, a party must make a
specific and deliberate act inconsistent with its right to arbitrate to substantially invoke the
judicial process. Sedillo v. Campbell, 5 S.W.3d 824, 827 (Tex. App.-Houston [14th Dist.]
1999, orig. proceeding); Nationwide of Bryan, Inc. v. Dyer, 969 S.W.2d 518, 522 (Tex.
App.-Austin 1998, no pet.). For example, substantially invoking the judicial process "may
occur when the party seeking arbitration actively tried, but failed, to achieve a satisfactory
result in litigation before turning to arbitration." Southwind Group, Inc. v. Landwehr, 188
S.W.3d 730, 736 (Tex. App.-Eastland 2006, no pet.) (citing Williams Indus., Inc. v. Earth
Dev. Sys. Corp., 110 S.W.3d 131, 135 (Tex. App.-Houston [1st Dist.] 2003, no pet.)); see
also Vesta Ins. Group, 192 S.W.3d at 764.

 In its opposition to Bath Junkie's motion for arbitration, Hygiene pled that Bath
Junkie waited fourteen months to request arbitration and that Bath Junkie propounded
discovery and participated in depositions and in mediation. Without further explanation,
Hygiene asserted that Bath Junkie's delay in requesting arbitration under these circumstances
was particularly egregious. Hygiene points out on appeal, and the record reveals, that Bath
Junkie: (1) filed an answer, (2) filed a counterclaim against Hygiene, and (3) waited fourteen
months after answering the lawsuit to request arbitration. Additionally, Hygiene, for the first
time on appeal, now contends that it would be prejudiced if forced to arbitration because (a)
a necessary party not subject to the arbitration provision would be absent from the arbitration;
and (b) Hygiene would have to proceed in court against other parties, as well as resolve the
claims against Bath Junkie in arbitration.

 Even if the above actions substantially invoked the judicial process--a matter that we
need not decide--we hold that Hygiene did not carry its burden of showing that it was
prejudiced by those actions. (6) With respect to Hygiene's arguments that prejudice arises
because of the presence or absence of parties from the legal proceedings required to resolve
Hygiene's claims, Hygiene failed to make a necessary showing of prejudice when it was
before the trial court. Consequently, its argument and the record offer no support for the trial
court's ruling. See In re Ghanem, 203 S.W.3d 896, 898 (Tex. App.-Beaumont 2006, orig.
proceeding). However, the record shows that Hygiene did assert in the trial court and
attempted to show that it had been prejudiced by Bath Junkie's delay in requesting arbitration
and that Bath Junkie obtained discovery through the lawsuit. (7) 

 Mere delay alone does not suffice to show prejudice. In re Serv. Corp. Int'l, 85
S.W.3d 171, 174 (Tex. 2002) (quoting Marshall, 909 S.W.2d at 898-99) ("[A] party does not
waive a right to arbitration merely by delay; instead, the party urging waiver must establish
that any delay resulted in prejudice."); In re Rolland, 96 S.W.3d 339, 343 (Tex. App.-Austin
2001, orig. proceeding) ("Mere delay in requesting arbitration does not automatically
constitute waiver."). Thus, to establish waiver based on the time period Bath Junkie waited
to request arbitration, Hygiene had to show how the delay prejudiced it. The trial court
record does not establish that the delay resulted in prejudice to Hygiene. 

 We conclude that the trial court record does not support Hygiene's claim of prejudice
as a result of Bath Junkie's delay or pursuit of discovery. We hold that Hygiene failed to
carry its burden to show actual prejudice. Accordingly, we sustain Bath Junkie's issue.

Conclusion


 We consolidate causes 09-07-437 CV, In re Bath Junkie Franchise, Inc., and 09-07-395 CV, Bath Junkie Franchise, Inc. v. Hygiene, L.L.C., et al. Because the contract involves
interstate commerce and there is no legal or contractual basis to invoke the TAA, the FAA
applies. Bath Junkie proved the existence of a valid arbitration agreement encompassing the
claims that are the subject of this suit, and Hygiene failed to show that it has a valid defense
to the arbitration clause. As a result, the trial court had no discretion but to compel
arbitration and stay its own proceedings. See FirstMerit Bank, 52 S.W.3d at 754; Oakwood
Mobile Homes, 987 S.W.2d at 573. Therefore, we conclude that the district court erred in
denying Bath Junkie's motion to compel arbitration. 

 We conditionally grant the petition for writ of mandamus. We direct that the trial
court vacate its order denying Bath Junkie's motion to compel arbitration and order the trial
court to compel arbitration of the claims that Hygiene, Cheryl Pinson, Debra Redden, and
Bath Junkie assert against each other. The writ will issue only in the unlikely event that the
district court does not comply. We dismiss Cause No. 09-07-395 CV as moot.

 APPEAL DISMISSED; PETITION CONDITIONALLY GRANTED. 

 PER CURIAM

Submitted on October 22, 2007

Opinion Delivered February 7, 2008

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Cheryl Pinson and Debra Redden formed and own Hygiene. Both were parties in the
trial court and are before us here. Each signed the Franchise Agreement on behalf of
Hygiene. In the proceeding before us, neither Bath Junkie nor Hygiene distinguishes
between the arguments of Pinson and Redden in their individual capacities and those of
Hygiene. In their Third Amended Petition and Supplemental Petition, Hygiene, Pinson and
Redden, with respect to their dispute against Bath Junkie, make no distinction between the
claims of Hygiene and those of Pinson and Redden. While Pinson and Redden did not sign
the Franchise Agreement in their individual capacities, non-signatories to a contract
containing an arbitration clause may also be required to arbitrate. See In re Vesta Ins. Group,
Inc., 192 S.W.3d 759, 761-63 (Tex. 2006) (per curiam) (citing, among others, In re Weekley,
180 S.W.3d 127, 132, 134 (Tex. 2005)) ("nonparties generally must arbitrate claims if
liability arises from a contract with an arbitration clause, but not if liability arises from
general obligations imposed by law"). Therefore, we refer to and address Pinson, Redden,
and Hygiene collectively as "Hygiene."
2. 9 U.S.C.A. §§ 1-16 (West 1999 & Supp. 2007).
3. Tex. Civ. Prac. & Rem. Code. Ann. §§ 171.001-.098 (Vernon 2005).
4. The Franchise Agreement contains an Arkansas choice-of-law provision. However,
neither Bath Junkie nor Hygiene filed a motion to request the application of Arkansas law. 
See Johnson v. Structured Asset Servs., LLC, 148 S.W.3d 711, 720 (Tex. App.-Dallas 2004,
no pet.) (citing Pittsburgh Corning Corp. v. Walters, 1 S.W.3d 759, 769 (Tex. App.-Corpus
Christi 1999, pet. denied) ("a preliminary motion must be filed asking the court to apply
another state's laws")); see also Tex. R. Evid. 202. Absent a motion by a party, Texas law
may be applied to a dispute. See Johnson, 148 S.W.3d at 720. Additionally, in the absence
of a request for a court to take judicial notice or proper proof that another state's law applies,
Texas courts presume that the law of the other state is identical to Texas law. See id. 
Further, in this appeal both parties rely upon Texas law, and no party argues that Arkansas
law applies. Therefore, with respect to issues of contract construction, we presume that
Texas and Arkansas law are identical for purposes of this appeal. See id.
5. We evaluate Hygiene's claims based on its Third Amended Petition and its
Supplemental Petition. These are the pleadings before the trial court when it last considered
and then denied Bath Junkie's motion to compel arbitration on July 20, 2007.
6. While the filing of a counterclaim may not result in waiver, counterclaims based on
arbitrable claims, in combination with other factors, may result in waiver of a contractual
right to arbitrate. Sedillo v. Campbell, 5 S.W.3d 824, 828 (Tex. App.-Houston [14th Dist.]
1999, orig. proceeding).
7. On appeal, Hygiene does not complain that Bath Junkie's discovery caused Hygiene
prejudice. We further find no evidence of prejudice related to Bath Junkie's discovery in the
record before us.