**Reversed and Remanded and Memorandum Opinion filed January 9, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00028-CV

---

### PLAINS STATE BANK, Appellant

### V.

### SVABIC PROPERTIES, LTD., SVABIC FAMILY PARTNERSHIP, LTD.; VOJISLAV W. SVABIC, INDIVIDUALLY AND AS TRUSTEE OF THE ELIZABETH SVABIC 2012 TRUST; SFP 711 CORPUS CHRISTI, LLC; AND SVABIC OPERATING CO, LLC, Appellees

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-39182**

---

## MEMORANDUM OPINION

Appellant Plains State Bank ("PSB") appeals the trial court's order denying its motion to compel arbitration in the lawsuit filed by appellees Svabic Properties, Ltd.; Svabic Family Partnership, Ltd.; Vojislav W. Svabic, individually and as trustee of the Elizabeth Svabic 2012 Trust; SFP 711 Corpus Christi, LLC; and Svabic Operating Company, LLC. *See* Tex. Civ. Prac. & Rem. Code Ann.

§§ 51.016l, 171.021. 171.098(a)(1). In two issues we treat as one, PSB argues the trial court erred when it denied its motion to arbitrate claims relating to the deeds of trust and security agreements signed on June 28, 2013, and July 29, 2019. We reverse the trial court's order and remand for further proceedings.

## I. BACKGROUND

PSB provided multiple commercial loans to appellees since April 2012. On April 26, 2012, the parties executed an arbitration agreement, which provided that only PSB could invoke arbitration and that any disputes were to be resolved in accordance with the Federal Arbitration Act ("FAA").[1] Subsequently, the parties executed a "Deed of Trust and Security Agreement" on June 28, 2013, and another on July 29, 2019, each of which contained a jury waiver provision.

On June 29, 2022, appellees filed suit against PSB, seeking an accounting for loans issued by PSB and guaranteed by appellees which were sold by PSB to another lender. Appellees also asserted that PSB's actions were discriminatory and constituted unfair practices.

On October 17, 2022, PSB filed a plea in abatement and motion to compel arbitration, attaching a copy of the arbitration agreement the parties signed on April 26, 2012. Appellees filed a response in opposition, arguing that the arbitration agreement PSB submitted was unsigned by PSB. On November 9, 2022, the trial court granted PSB's motion.

Appellees filed a motion to set aside the trial court's order, arguing that the jury waiver provisions in the deeds of trust and security agreements executed on June 28, 2013, and July 29, 2019, replaced the previous arbitration agreement. On

---

[1] The arbitration agreement further provided that arbitration was to be carried out in accordance with the laws of the State of Texas to the extent the FAA was inapplicable, unenforceable, or invalid.

2

December 27, 2022, the trial court issued an order, granting appellees' motion in part and setting aside the portions of its previous order compelling arbitration of any causes of action relating to the deeds of trust and security agreements signed on June 28, 2013, and July 29, 2019. The trial court also reinstated onto the court's docket the claims relating to the deeds of trust and security agreement signed on June 28, 2013, and July 29, 2019.

This interlocutory appeal followed.

## II. DISCUSSION

In one issue, PSB argues the trial court erred in denying its motion to compel arbitration claims relating to the deeds of trust and security agreement signed on June 28, 2013, and July 29, 2019. PSB argues the trial court erred because (1) a valid arbitration agreement exists and the relevant claims are within the scope of the arbitration agreement, and (2) it was without authority to modify its previous order to abate.

### A. STANDARD OF REVIEW

We review a trial court's order denying a motion to compel arbitration for an abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). A trial court abuses its discretion if it acts unreasonably or without reference to guiding rules or principles. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

We review a trial court's legal determinations de novo. *Henry*, 551 S.W.3d at 115. The trial court's determination of the arbitration agreement's existence and validity are legal questions subject to de novo review. *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 633 (Tex. 2018); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 233, 227 (Tex. 2003).

3

**B.    APPLICABLE LAW**

Arbitration is a creature of contract. *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008) (orig. proceeding). Thus, parties cannot be compelled to arbitrate any controversy unless they have contractually agreed to do so. *TotalEnergies E&P USA, Inc. v. MP Gulf of Mex., LLC*, 667 S.W.3d 694, 701 (Tex. 2023); *Robinson v. Home Owners Mgmt. Enters.*, 590 S.W.3d 518, 521 (Tex. 2019). A contractual agreement to arbitrate controversies is severable from a broader contract that contains it. *Baby Dolls Topless Saloons, Inc. v. Sotero*, 642 S.W.3d 583, 586 (Tex. 2022).

A party seeking to compel arbitration must establish that (1) a valid arbitration agreement exists, and (2) the claims at issue are within the scope of the agreement. *In re Rubiola,* 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding). If the relevant parties did not sign the contract in which the arbitration agreement is contained, then addressing the first prong includes analysis of whether a non-signatory is bound by or can enforce the arbitration agreement. *See id.* at 223–24; *Osornia,* 367 S.W.3d at 711. If the trial finds a valid arbitration agreement and that the claims fall within the scope of the agreement, then the burden shifts to the party opposing arbitration to raise a defense. *J.M. Davidson*, 128 S.W.3d at 227; *see In re Poly–Am., L.P.*, 262 S.W.3d at 348.

Arbitration is favored under public policy. *In re Poly–Am., L.P.*, 262 S.W.3d at 348. In deciding whether the parties have agreed to arbitrate, we do not resolve doubts or indulge a presumption in favor of arbitration. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Once an arbitration agreement is found to exist, doubts regarding an agreement's scope are resolved in favor of arbitration because there is a strong presumption favoring agreements to arbitrate. *Id.*

4

**C.    ANALYSIS**

The FAA applies to the arbitration agreement here because the parties agreed to arbitrate under the FAA in the arbitration agreement. *See Rubiola*, 334 S.W.3d at 223.

### 1. Interlocutory Jurisdiction

First, we address appellees' contention that we lack jurisdiction to consider this interlocutory appeal because the trial court did not deny PSB's motion to compel arbitration claims relating to the deeds of trust and security agreement signed on June 28, 2013, and July 29, 2019. Appellees argue that the trial court granted PSB's motion to compel arbitration in part but reinstated the remaining claims without denying the motion to compel as to these claims.

Appellate courts may consider appeals from interlocutory orders when a statute explicitly authorizes an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Texas Civil Practice and Remedies Code § 51.016, which authorizes appeals in matters subject to the FAA, provides that a party may appeal an interlocutory order "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." Tex. Civ. Prac. & Rem. Code Ann. § 51.016. Under § 16 of the FAA, a party may immediately appeal the denial of a motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(B), (C); Tex. Civ. Prac. & Rem. Code Ann. §§ 51.016, 171.098(a)(1); *see also Taylor Morrison of Tex., Inc. v. Skufca*, 650 S.W.3d 660, 672–73 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *In re Helix Energy Sols. Grp.*, 303 S.W.3d 386, 395 n.7 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). When determining whether an order denies a motion to compel arbitration, our interlocutory jurisdiction is controlled by the substance and function of the order viewed in the context of the record. *Natgasoline LLC v. Refractory Constr. Servs.,*

*Co.*, 566 S.W.3d 871, 880 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Here, the substance of the trial court's order was to effectively deny PSB's motion to compel arbitration of any claims relating to the deeds of trust and security agreements signed on June 28, 2013, and July 29, 2019. The trial court acted on PSB's motion to compel arbitration by granting it in part, and it implicitly denied it as to the claims related to the deeds of trust and security agreements by reinstating them on the court's docket. Accordingly, we conclude that we have jurisdiction over this interlocutory appeal of the trial court's order signed December 27, 2022. *See* 9 U.S.C. § 16(a)(1)(B); Tex. Civ. Prac. & Rem. Code Ann. § 51.016.

## 2. Existence of an Agreement to Arbitrate

Next, we address PSB's argument that the trial court erred when it denied its motion to compel arbitration regarding any claims relating to the deeds of trust and security agreement signed on June 28, 2013, and July 29, 2019.

The trial court implicitly found that there is a valid agreement to arbitrate, and the trial court denied PSB's motion to compel arbitration in part based on appellees' argument that the arbitration agreement was replaced by the subsequent non-jury trial provisions contained in the deed of trust and security agreements.

Here, the arbitration agreement provides:

> **Binding Arbitration.** Notwithstanding any provision in any Documents (defined below) to the contrary, upon the request of, and at the sole election of, the above named lender, whether made before or after the institution of any legal proceeding, any action, dispute, claim or controversy of any kind (for example, whether in contract or in tort, under statutory or common law, or legal or equitable) now existing or hereafter arising between or among any of the undersigned ("collectively called the "parties" and individually called a "party") in any way arising out of, pertaining to or in connection with (1) the

6

referenced loan, any related agreements, documents, or instruments (collectively, the "Documents") or any transaction contemplated thereby, before or after maturity, or (2) *all past, present and future loans, notes, instruments, guarantees, letters of credit, contracts or agreements and all other aspects of any past, present, or future relationships of the parties to the documents* shall be resolved by mandatory and binding arbitration in accordance with the terms of this Arbitration Program. The occurrence of any of the foregoing matters shall be referred to as a "Dispute". At Lender's sole option, the Lender may bring by summary proceedings (for example, a plea in abatement or motion to stay further proceedings) an action in court to compel arbitration of any Dispute.

(emphasis added). We conclude that a binding agreement to arbitrate between the parties exists and that the italicized portion above encompasses claims related to the deeds of trust and security agreements executed on June 28, 2013, and July 29, 2019. *See TotalEnergies E&P USA, Inc.*, 667 S.W.3d at 702.[2]

### 3. Novation Defense

Appellees argued at the trial court—and argue on appeal—that the April 26, 2012, agreement to arbitrate was revoked when the parties executed the subsequent deeds of trust that included the jury waiver provisions.

---

[2] On appeal, appellees argue that the April 26, 2012, arbitration agreement was unsigned by PSB, and thus, it was never binding on the parties. Appellees advanced this argument at the trial court in response to PSB's motion to compel arbitration, and the trial court rejected this argument and implicitly found that the agreement had been executed despite lacking PSB's signature because the trial court granted the motion and ordered the parties to arbitrate. Appellees did not seek review of the trial court's ruling that a valid arbitration agreement exists via a petition for writ of mandamus. *See Chambers v. O'Quinn*, 242 S.W.3d 30, 31–32 (Tex. 2007) (per curiam). ("Because the FAA does not provide for interlocutory appeals from orders compelling arbitration, we concluded that . . . mandamus was the appropriate remedy."). Our interlocutory jurisdiction is limited to the order denying the motion to compel arbitration, which in this case is the order granting appellees' motion to set aside the trial court's order. Thus, appellees have waived any complaint as to the missing signature. In any event, we note that "[u]nless parties explicitly require that a party on an arbitration agreement sign the agreement to manifest the party's assent thereto, a party may manifest its assent to the arbitration agreement by its acts, conducts, or acquiescence in the terms of the agreement . . . ." *GSC Wholesale, LLC v. Young*, 654 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2022, pet. denied).

Parties to an arbitration agreement can agree to modify or supersede their arbitration agreement. *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 808 (Tex. App.—Dallas 2008, pet. denied); *see Zaporozhets v. Ct. Appointed Receiver in Cause No. 12-DCV-199496*, No. 14-14-00143-CV, 2014 WL 5148151, at *2–7 (Tex. App.—Houston [14th Dist.] Oct. 14, 2014, no pet.) (mem. op.); *see also Adcock v. Five Star Rentals/Sales, Inc.*, No. 04-17-00531-CV, 2018 WL 1831646, at *2 (Tex. App.—San Antonio Apr. 18, 2018, no pet.) (mem. op.). A novation, or the substitution of a new agreement, occurs when a contract evinces an intention to relinquish and extinguish pre-existing claims and rights of action; in lieu of the old obligation, a party accepts the promise of performance of the new obligation instead of the performance itself. *See N.Y. Party Shuttle, LLC v. Bilello*, 414 S.W.3d 206, 214 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Zaporozhets*, 2014 WL 5148151, at *3; *see also Fulcrum Cent. v. AutoTester, Inc.*, 102 S.W.3d 274, 277 (Tex. App.—Dallas 2003, no pet.). The novation contract discharges the original obligation and only the new obligation may be enforced. *N.Y. Party Shuttle, LLC*, 414 S.W.3d at 214; *Zaporozhets*, 2014 WL 5148151, at *3.

A novation requires (1) a previous, valid obligation; (2) a mutual agreement of the parties to the acceptance of a new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract. *Vickery v. Vickery*, 999 S.W.2d 342, 356 (Tex. 1999). A court can infer that a new contract is a novation of a previous contract if the two contracts are so inconsistent with one another that they cannot subsist together. *Zaporozhets*, 2014 WL 5148151, at *3; *Farkooshi v. Afisco Int., LLC*, No. 14-13-00201-CV, 2014 WL 4161708, at *4 (Tex. App.—Houston [14th Dist.] Aug. 21, 2014, no pet.) (mem. op.). A novation is never presumed; the parties' intent to novate must be clear. *Zaporozhets*, 2014 WL 5148151, at *3; *SecurityComm Grp. v. Brocail*, No. 14-09-00295-CV, 2010 WL

5514333, at *16 (Tex. App.—Houston [14th Dist.] Dec. 28, 2010, pet. denied) (mem. op.). Whether a new contract operates as a novation of an earlier contract is usually a question of fact and becomes a question of law only when the state of the evidence is such that reasonable minds cannot differ as to its effect. *Chastain v. Cooper & Reed*, 152 Tex. 322, 257 S.W.2d 422, 424 (1953); *see Allstate Ins. v. Clarke*, 471 S.W.2d 901, 907 (Tex. App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.); *see also In re B.N.L.-B.*, 523 S.W.3d at 264; *In re Bath Junkie Franchise, Inc.*, 246 S.W.3d 356, 365 (Tex. App.—Beaumont 2008, orig. proceeding); *Fulcrum*, 102 S.W.3d at 278.

Here, the arbitration agreement provided:

> **Other Matters and Miscellaneous** . . . . The provisions of this Arbitration Program shall survive any termination, amendment, or expiration of the Documents or the Relationship, unless the parties otherwise expressly agree in writing. . . . This Arbitration Program may be amended, changed, or modified only by the express provisions of a writing which specifically refers to this Arbitration Program and which is signed by all the parties hereto.

The non-jury trial provisions appellees rely on do not specifically refer to this arbitration agreement as is required to amend it or modify it. Further, the non-jury trial provision appellees rely on states:

> **JURY WAIVER**: Every party to this Deed of Trust hereby expressly waives any right to trial by jury of any claim, demand, action, or cause of action (a) arising under this Deed of Trust or any other instrument, document, or agreement executed or delivered in connection herewith; or (b) in any way connected with or related or incidental to the dealings of the parties hereto or any of them with respect to this Deed of Trust or any other instrument, document, or agreement executed or delivered in connection herewith, or the transactions related hereto or thereto, in each case whether now existing or hereafter arising and whether sounding in contract or tort or otherwise; and each party hereby agrees and consents that any such claim, demand, action, or cause or action shall be decided by court trial without a jury, and that

> any party to this Deed of Trust may file an original counterpart or a copy of this section with any court as written evidence of the consent of the parties hereto to the waiver of their right to trial by jury.

This jury waiver provision is not so inconsistent with the agreement to arbitrate that the two cannot subsist together. This is because PSB is the only party that can invoke arbitration, and if PSB does not invoke arbitration, then the waiver of jury trial applies. Furthermore, there is no evidence of any intent by the parties to replace the arbitration agreement with the jury waiver provision in the relevant deeds of trust and security agreements. We conclude that the jury waiver provision did not replace the parties' previous arbitration agreement. As noted above, the arbitration agreement here is broad in scope, and appellees' only argument at the trial court and on appeal concerning the scope of the arbitration agreement was that the jury waiver provisions replaced the arbitration agreement.

We conclude that the trial court erred when it denied PSB's motion to arbitrate any claims relating to the deeds of trust and security agreement signed on June 28, 2013, and July 29, 2019. We sustain PSB's sole issue.

### III.   CONCLUSION

We reverse the trial court's December 27, 2022, order and remand for further proceedings.

/s/   Margaret "Meg" Poissant
Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Poissant.