**In re GREEN TREE SERVICING LLC, Authorized Servicing Agent for United Companies Funding.**

No. 06–08–00125–CV.

Court of Appeals of Texas, Texarkana.

Submitted: Dec. 22, 2008.

Decided: Dec. 23, 2008.

---

Richard A. McKinney, Higier, Allen & Lautin, PC, Addison, for relator.

Scott Rectenwald, Marshall, for real party in interest.

Before MORRISS, Chief Justice, CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Green Tree Servicing, LLC, authorized servicing agent for United Companies Funding, has filed a petition for writ of mandamus requesting this Court to order the Honorable Jim Ammerman, II, presiding judge of the County Court at Law, Harrison County[1] to 1) rescind the order denying Green Tree's plea in abatement and motion to compel arbitration, 2) enter an order compelling the parties to submit their dispute to binding arbitration, and 3) enter an order of abatement. We conclude the trial court clearly abused its discretion in denying the motion to compel arbitration; we conditionally grant the petition.

## I. Facts and Procedural Background

While purchasing a Clayton Manufactured Home, Taylor Coyner entered into a Manufactured Home Retail Installment Contract and Security Agreement on or about March 16, 1996. The contract is being serviced by Green Tree. Green Tree alleged Coyner defaulted under the terms of the contract by failing to make payments pursuant to the terms of the contract and filed suit in the County Court at Law of Harrison County. Coyner filed an answer claiming he had complied with all the terms of the agreement. Coyner claims EMC Mortgage Corporation[2] had falsely claimed Coyner had failed to maintain insurance on the manufactured home

and had attempted to charge Coyner for insurance. According to Coyner, EMC continued to allege charges for insurance even after it had been presented with proof of Coyner's insurance and admitted its original allegations were in error. Coyner raised counterclaims for breach of contract, violations of the Federal Fair Debt Collection Practices Act, and violations of the Texas Fair Debt Collection Act. Before any discovery had been conducted, Green Tree filed a plea in abatement and motion to compel arbitration. The trial court held a hearing on the motion and denied the motion.

We hold that the contract agreed to by the parties contains an arbitration clause governed by the Federal Arbitration Act (FAA); mandamus is the appropriate avenue to enforce an arbitration clause governed by the FAA; there is no support for the trial court's finding of waiver or unconscionability.

## II. The Arbitration Clause Was Part of the Contract

■ The first issue with which we are presented is whether the contract, as agreed to by the parties, contains an arbitration clause. Coyner argues the trial court did not abuse its discretion in denying the motion to arbitrate because Coyner never agreed to the arbitration clause.

The contract contains an arbitration provision whereby the parties agreed to arbitrate all disputes and claims arising from

1. Relator named the Honorable Richard Anderson as the presiding judge of the County Court at Law, Harrison County, Texas. The respondent states that the case was before the Honorable Jim Ammerman, II, County Court at Law, Harrison County, Texas. We judicially notice that Judge Ammerman is the judge of the County Court at Law in Harrison County and Judge Anderson is the constitutional county judge. This case was filed in the County Court at Law, Judge Ammerman's court.

2. Coyner joined EMC to the lawsuit. EMC opposed the motion to compel arbitration and has not participated in this mandamus proceeding.

the contract. The arbitration provision provides as follows in pertinent part:

> Except as explained below, you and we understand and agree that all disputes, claims or controversies arising from or relating to this Contract (whether under case law, statutory law, or any other laws including, but not limited to, all contract, tort and property disputes) shall be resolved by binding arbitration ("Arbitration").
>
> . . . .
>
> EXCEPTION TO ARBITRATION: Even though you and we agree to arbitration, we may use judicial (filing a lawsuit) or non-judicial relief to enforce our security interest, or to otherwise collect the balance due on the Contract. We may begin a lawsuit to enforce our security interest, or to obtain a monetary judgment, without waiving your right or our right to compel Arbitration of any other dispute or remedy. Including the filing of a counterclaim by you in a lawsuit brought by us.

■■■ "A party seeking to compel arbitration must establish the existence of a valid arbitration agreement and show that the claims in dispute fall within the scope of that agreement." *In re Bath Junkie Franchise, Inc.*, 246 S.W.3d 356, 363 (Tex. App.-Beaumont 2008, orig. proceeding). Arbitration cannot be compelled without an agreement to arbitrate. *Valero Energy Corp. v. Teco Pipeline Co.*, 2 S.W.3d 576, 586 (Tex.App.-Houston [14th Dist.] 1999, no pet.). When determining whether the parties agreed to an arbitration provision subject to the FAA, we apply state-law principles governing the formation of contracts. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 676 (Tex.2006); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex.2005); *Bath Junkie*, 246 S.W.3d at 363; *see First Options v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d

985 (1995). When interpreting a contract, our primary objective is to ascertain and give effect to the intent of the parties as expressed in the contract. *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex.2006). "Unless a party clearly agreed to arbitrate and be bound by the arbitrator's decision, courts do not compel arbitration." *In re Premont Indep. Sch. Dist.*, 225 S.W.3d 329, 333 (Tex.App.-San Antonio 2007, orig. proceeding).

■■■ We will interpret the terms of the contract based on "the plain, ordinary and generally accepted meaning attributed to the term or word." *Pratt–Shaw v. Pilgrim's Pride Corp.*, 122 S.W.3d 825, 833 (Tex.App.-Dallas 2003, pet. denied). If a written instrument's text can be given a definite legal meaning, the contract is not ambiguous and must be construed as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). If the language of a contract is subject to two or more reasonable interpretations, it is ambiguous. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517 (Tex.1995); *see Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex.2003). Whether a contract is ambiguous is a question of law for the court. *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118 (Tex. 1996). Neither party argues the contract is ambiguous.

Parties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *KW Constr. v. Stephens & Sons Concrete Contrs., Inc.*, 165 S.W.3d 874, 883 (Tex. App.-Texarkana 2005, pet. denied); *Buxani v. Nussbaum*, 940 S.W.2d 350, 352 (Tex.

App.-San Antonio 1997, no writ). Coyner essentially argues because he was not aware of the arbitration clause, there was not a meeting of the minds and an acceptance in strict compliance with the terms of the offer.

A unilateral mistake will not normally void a contract. *See Johnson v. Conner*, 260 S.W.3d 575, 581 (Tex.App.-Tyler 2008, no pet.); *Ledig v. Duke Energy Corp.*, 193 S.W.3d 167, 175 (Tex. App.-Houston [1st Dist.] 2006, no pet.). Equity may permit rescission based on a unilateral mistake only when

> (1) the mistake is of so great a consequence that to enforce the contract would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake occurred despite ordinary care; and (4) the parties can be placed in status quo, i.e., the rescission must not prejudice the other party except for the loss of the bargain.

*Cigna Ins. Co. v. Rubalcada*, 960 S.W.2d 408, 412 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Coyner has failed to establish that his unilateral mistake permits rescission of the contract.

Under the general rule, every person who has the capacity to enter into a contract is held to know what words were used in the contract, to know their meaning, and to understand their legal effect. *Indem. Ins. Co. of N. Am. v. W.L. Macatee & Sons*, 129 Tex. 166, 101 S.W.2d 553, 556 (1937); *Amouri v. Sw. Toyota, Inc.*, 20 S.W.3d 165, 169 (Tex.App.-Texarkana 2000, pet. denied). The arbitration provision was clear and unambiguous and subject to Coyner's review before signing. The parties to a contract have an obligation to protect themselves by reading what they sign. *Cendant Mobility Servs. Corp. v. Falconer*, 135 S.W.3d 349, 354 (Tex.App.-Texarkana 2004, no pet.). Unless one party's false representations about the contract's content induced another party to contract, the parties may not excuse themselves from the consequences of failing to read the contract in its entirety. *Id.* at 354; *Amouri*, 20 S.W.3d at 169; *see Palm Harbor Homes, Inc.*, 195 S.W.3d at 676.

There is no allegation that the relator committed fraud or made false representations concerning the contract's content. Coyner's failure to read the contract does not modify the terms of the contract. Green Tree established the existence of a valid arbitration agreement, and Coyner does not contest that the claims in dispute fall within the scope of the arbitration agreement.

### III. The Agreement Is Governed by the FAA

Arbitration clauses may be enforced under Texas common law, the Texas Arbitration Act, or the FAA. With a few exceptions not applicable to this proceeding, the FAA applies to all contracts "evidencing a transaction involving commerce." *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269–70 (Tex.1992). The FAA "preempts state statutes to the extent they are inconsistent with that Act." *Id.* at 272. The FAA defines "commerce" as:

> commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation, but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

9 U.S.C.S. § 1 (LEXIS 2008). Because Congress intended the FAA to extend ju-

risdiction to the maximum extent permissible under the Commerce Clause, the FAA applies to written arbitration provisions in contracts evidencing a transaction that "substantially affects" interstate commerce. *See In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 754 (Tex.2001); *In re Turner Bros. Trucking Co.,* 8 S.W.3d 370, 375 (Tex.App.-Texarkana 1999, orig. proceeding).

In this case, the parties are from different states and the contract involves interstate transfer of goods. Green Tree is a Delaware Corporation with its home office located in St. Paul, Minnesota. United Companies was, at the time of the contract, located in Minneapolis, Minnesota.[3] Payments under the contract were required to be tendered to a post office box in Atlanta, Georgia. Further, the contract states it is "made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act." We conclude that the contract relates to a transaction substantially affecting interstate commerce and is subject to the FAA.

### IV. Mandamus Is an Available Remedy

Mandamus issues only when the mandamus record establishes 1) a clear abuse of discretion or the violation of a duty imposed by law and 2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria,* 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex. 1985).

A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker,* 827 S.W.2d at 839. With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for the trial court. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990). However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Huie v. DeShazo,* 922 S.W.2d 920, 927–28 (Tex.1996); *see In re Jorden,* 249 S.W.3d 416, 424 (Tex.2008). Therefore, an erroneous legal conclusion by the trial court constitutes an abuse of discretion. *Huie,* 922 S.W.2d at 927–28. A clear failure by the trial court to apply the law correctly is an abuse of discretion. *Walker,* 827 S.W.2d at 840.

In recent years, the Texas Supreme Court has adopted a balancing test to determine whether a party has an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex.2004); *see In re AIU Ins. Co.,* 148 S.W.3d 109, 115 (Tex.2004). Under this balancing test, a remedy available on direct appeal is adequate when the detriments of mandamus review outweigh the benefits. *Prudential Ins. Co.,* 148 S.W.3d at 136. If the benefits of mandamus review outweigh the detriments, the appellate court must determine whether the remedy by appeal is adequate. *Id.* The Texas Supreme Court reasoned:

> The operative word, "adequate," has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original

---

**3.** The parties have not directed us to where this fact is established in the record, but Coyner does not contest the location of United Companies.

mandamus proceedings to review the actions of lower courts.... An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments.

*Id.* The Texas Supreme Court stated, "whether an appellate remedy is 'adequate' so as to preclude mandamus review depends heavily on the circumstances presented and is better guided by general principles than by simple rules." *Id.* at 137. The Texas Supreme Court, however, still emphasized mandamus review should be limited to "exceptional cases" only to prevent impairment of "important substantive and procedural rights." *Id.* at 136; *cf. In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex.1998) (incidental errors not subject to mandamus review).[4]

Even prior to *Prudential,* the Texas Supreme Court held that a party, erroneously denied the right to arbitrate under the FAA, had no adequate remedy on appeal. *See Tipps,* 842 S.W.2d at 271–73; *see also In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex.1999); *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 88 (Tex. 1996). Recently, the Texas Supreme Court has reaffirmed there is no adequate remedy by appeal when a party is forced to try a case that the parties had agreed to arbitrate. *See In re McAllen Med. Ctr., Inc.,* No. 05–0892, 2008 WL 4051053, at *3, 2008 Tex. LEXIS 759, at *11 (Tex.2008) ("the very act of proceeding to trial-regardless of the outcome-would defeat the substantive right involved"); *In re Palacios,* 221 S.W.3d 564, 565 (Tex.2006). Because Green Tree does not have an ade-

quate remedy on appeal, mandamus relief is available.

## V. The Trial Court Erred in Finding Green Tree Waived Right to Arbitration

█ Coyner argues Green Tree waived any right to have the dispute submitted to an arbitrator by filing suit. Although discovery has yet to begin, Coyner has filed an answer, a counterclaim, and added EMC as a necessary party. In his affidavit filed in support of his argument, Coyner claims he has been prejudiced by Green Tree's actions because he was forced to hire an attorney and spend approximately $1,500.00 in attorney's fees and court costs. Coyner states he earns approximately $50,000.00 a year and is not able to spend substantial amounts of money on litigation.

█ Once a court has determined a valid arbitration agreement exists, the burden shifts to the party opposing arbitration to raise an affirmative defense to enforcing arbitration. *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 (Tex.2003); *Bath Junkie Franchise,* 246 S.W.3d at 364. A party waives an arbitration clause by " 'substantially invoking the judicial process to the other party's detriment or prejudice.' " *In re Fleetwood Homes of Tex., L.P.,* 257 S.W.3d 692, 694 (Tex.2008) (quoting *Perry Homes v. Cull,* 258 S.W.3d 580, 589–90 (Tex.2008)). There is a strong presumption against waiver under the FAA. *In re Vesta Ins. Group, Inc.,* 192 S.W.3d 759, 763 (Tex.2006). Whether the facts found by the trial court amount to a waiver is a question of law for the court. *Id.*

---

4. We note the balancing test introduced in *Prudential Insurance Company* has been criticized for permitting subjective *ad hoc* decisions. *See* Richard E. Flint, *The Evolving Standard for Granting Mandamus Relief In the Texas Supreme Court: One More "Mile Marker Down the Road of No Return,"* 39 ST. MARY'S

L.J. 3 (2007); William E. Barker, *The Only Guarantee Is There Are No Guarantees: The Texas Supreme Court's Inability to Establish a Mandamus Standard,* 44 HOU. L.REV. 703 (2007); *see also* David A. Anderson, *Judicial Tort Reform in Texas,* 26 REV. LITIG. 1, 28 (2007).

"[T]he test for determining waiver is two-pronged: (1) did the party seeking arbitration substantially invoke the judicial process; and (2) did the opposing party prove that it suffered prejudice as a result?" *Tex. Residential Mortgage, L.P. v. Portman,* 152 S.W.3d 861, 863 (Tex. App.-Dallas 2005, no pet.); *see In re Serv. Corp. Int'l,* 85 S.W.3d 171, 174 (Tex.2002) (party alleging waiver must establish delay resulted in prejudice). "Whether a party's conduct waives its arbitration rights under the Federal Arbitration Act is a question of law." *In re Bruce Terminix Co.,* 988 S.W.2d 702, 703–04 (Tex.1998). Waiver can be implied from a party's conduct but, in close cases, the "strong presumption against waiver" should govern. *Perry Homes,* 258 S.W.3d at 593.

The Texas Supreme Court has recently noted it has never found a waiver merely by filing suit. *Id.* at 590.[5] The Texas Supreme Court has further mandated that a court should not infer waiver based only on a minimal amount of discovery. *Bruce Terminix Co.,* 988 S.W.2d at 704. In this case, discovery has not yet begun. The mere act of filing suit is insufficient to substantially invoke the judicial process.

In addition, there is insufficient evidence of prejudice. Green Tree did not file the motion to compel and plea in abatement until approximately ninety days after filing suit. However, "[m]ere delay alone does not suffice to show prejudice." *Bath*

*Junkie Franchise,* 246 S.W.3d at 368; *see Serv. Corp. Int'l,* 85 S.W.3d at 174; *see also Bruce Terminix Co.,* 988 S.W.2d at 703–04. The Texas Supreme Court has refused to find prejudice even when the parties had been litigating for two years, had incurred more than $200,000.00 in expenses, and had conducted extensive discovery. *See Vesta Ins. Group, Inc.,* 192 S.W.3d at 763. *But see Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d 494, 498 (5th Cir.1986) ("A party 'may not invoke arbitration and yet seek pre-trial discovery going to the merits....'"). In contrast, Coyner incurred $1,500.00 in expenses and discovery has yet to begin. Coyner has failed to show sufficient prejudice. The trial court erred in finding Green Tree waived its right to arbitration.[6]

## VI. The Trial Court Erred in Finding the Clause Was Unconscionable

In the alternative, Green Tree argues the arbitration clause is procedurally and substantively unconscionable. According to the Texas Supreme Court, arbitration agreements are not inherently unconscionable. *Palm Harbor Homes, Inc.,* 195 S.W.3d at 678. "Unconscionability includes two aspects: (1) procedural unconscionability, which refers to the circumstances surrounding the adoption of the arbitration provision, and (2) substantive unconscionability, which refers to the fairness of the arbitration provision itself." *In re Halliburton Co.,* 80 S.W.3d 566, 571 (Tex.2002). Courts may consider both

---

5. *Perry Homes* cites a number of cases for this conclusion—several of which are relied upon by the relator. *See In re Bank One, N.A.,* 216 S.W.3d 825, 827 (Tex.2007); *D. Wilson Constr. Co.,* 196 S.W.3d at 783; *Vesta Ins. Group, Inc.,* 192 S.W.3d at 763; *Serv. Corp. Int'l,* 85 S.W.3d at 174; *Oakwood Mobile Homes,* 987 S.W.2d at 574; *Bruce Terminix Co.,* 988 S.W.2d at 704; *Mancias,* 934 S.W.2d at 89; *Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 898–99 (Tex.1995).

6. We note the contract provides, "We may begin a lawsuit to enforce our security interest, or to obtain a monetary judgment, without waiving your right or our right to compel Arbitration of any other dispute or remedy. Including the filing of a counterclaim by you in a lawsuit brought by us." We have not relied upon this clause or interpreted this clause in this opinion.

procedural and substantive unconscionability when evaluating the validity of an arbitration provision. *Id.* (rejecting prior dicta that substantive unconscionability must be submitted to arbitrator). The party asserting unconscionability bears the burden of proving both procedural and substantive unconscionability. *Turner Bros. Trucking Co.*, 8 S.W.3d at 376–77. Unconscionability is a question of law. *Id.* at 377.

**A. The Trial Court Erred in Finding the Clause Was Procedurally Unconscionable**

 Coyner claims the clause was procedurally unconscionable because it is located on the last page of the contract and he did not sign or initial the last page. Coyner alleges he was presented with the signature page of a number of documents when executing the transaction. According to Coyner, he was given the impression that each signature page was the final page of each document. Coyner argues the arbitration provision was hidden on the back of the signature page of the document, and, therefore, the arbitration clause was procedurally unconscionable. Coyner claims the circumstances surrounding the execution of the contract were tantamount to Green Tree adding a page to the agreement and Green Tree obtaining his signature as to the hidden provisions by trick or artifice.

 As discussed above, the failure to read a contract does not ordinarily void a contract absent fraud or misrepresentations.[7] *See In re McKinney*, 167 S.W.3d 833, 835 (Tex.2005); *Mancias*, 934 S.W.2d at 90; *see also Fleetwood Enters. Inc. v.*

*Gaskamp*, 280 F.3d 1069, 1077 (5th Cir. 2002) ("The only cases under Texas law in which an agreement was found procedurally unconscionable involve situations in which one of the parties appears to have been incapable of understanding the agreement."). There is no evidence Green Tree misrepresented the existence of the arbitration clause or otherwise engaged in deception. Nor is there any evidence Coyner is incapable of reading or lacked the ability to understand the agreement. Each page of the contract was numbered and the signature page was marked "Page 3 of 4." The page number would have put a reasonable person on notice that there were additional terms on the back of the signature page.[8] Absent a duty to disclose, an agreement is not unconscionable merely because one party was not informed of the arbitration clause. *See Emerald Tex., Inc. v. Peel*, 920 S.W.2d 398, 402 (Tex.App.-Houston [1st Dist.] 1996, no writ). The arbitration clause is not procedurally unconscionable.

**B. The Trial Court Erred In Finding the Clause Was Substantively Unconscionable**

 Coyner also argues the unequal bargaining power of the parties favors a finding of substantive unconscionability. That rationale for determining the issue of substantive unconscionability has not been adopted by the Texas Supreme Court. "The test for substantive unconscionability is whether, 'given the parties' general commercial background and the commercial needs of the particular trade or case, the clause involved is so one-sided

---

**7.** We note that this Court has found unconscionability when, among other reasons, the contracting party was functionally illiterate, did not understand the arbitration clause, and the arbitration clause was not adequately explained. *See Turner Bros. Trucking Co.*, 8 S.W.3d at 376.

**8.** The contract consists of four pages numbered "Page 1 of 4," "Page 2 of 4," "Page 3 of 4," and "Page 4 of 4." The contract was printed on two sheets of paper with the fourth page on the back of the third page.

that it is unconscionable under the circumstances existing when the parties made the contract.'" *Palm Harbor Homes, Inc.*, 195 S.W.3d at 678 (quoting *FirstMerit Bank*, 52 S.W.3d at 757).

The Texas Supreme Court has held "[t]he principles of unconscionability do not negate a bargain because one party to the agreement may have been in a less advantageous bargaining position." *Id.* at 679. "Adhesion contracts are not automatically unconscionable, and there is nothing per se unconscionable about arbitration agreements." *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 608 (Tex.2005); *see In re U.S. Home Corp.*, 236 S.W.3d 761, 764 (Tex.2007); *Palm Harbor Homes, Inc.*, 195 S.W.3d at 678. This case contains no facts demonstrating unconscionability other than being a consumer adhesion contract (i.e., one that respondents were required to enter to purchase the home) which the Texas Supreme Court has specifically held are not automatically unconscionable. The trial court erred in finding the arbitration clause unconscionable.

## VII. Conclusion

The trial court clearly abused its discretion in denying the motion to arbitrate. For the reasons stated above, the petition for writ of mandamus is conditionally granted. We direct the trial court to strike its order denying the motion to compel arbitration, to enter an order compelling the parties to submit their disputes to binding arbitration in accordance with the contract, and to enter an order staying any proceeding in the trial court until the conclusion of arbitration. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.