ACCEPTED
13-15-00125-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/22/2015 8:38:30 AM
Dorian E. Ramirez
CLERK

CASE NO.  13-15-00125-CR

IN THE COURT OF APPEALS

THIRTEENTH JUDICIAL DISTRICT

CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/22/2015 8:38:30 AM
DORIAN E. RAMIREZ
Clerk

JOSEPH RAY CRAWFORD
APPELLANT

VS.
THE STATE OF TEXAS,

APPELLEE

Cause No. 06-07-10,438

In the 24th Judicial District Court of
DeWitt County, Texas

# BRIEF FOR APPELLANT, JOSEPH RAY CRAWFORD

David Alan Disher
Attorney for the Appellant,
SBC # 05895600
1167 FM 2144, Schulenburg, Texas 78956
Telephone Number:  979-263-5174
Fax Number:  979-263-5183

ORAL ARGUMENT WAIVED

# IDENTITY OF PARTIES AND COUNSEL

Appellant hereby represents that the following listed persons have an interest in this case and the following parties' rights may be adversely affected by the outcome in the Court so that the Justices thereof may review the same to determine if recusal or disqualification is necessary and that proper notice be given of the judgment and all orders of the court of appeals:

1. Mr. Joseph Ray Crawford, Appellant, who may be served with notice herein by delivering the same to his appellate counsel of record, Mr. David Alan Disher, at the address shown on the cover hereof;

2. The State of Texas, Appellee, by and through her Counsel, Mr. Michael Sheppard, DeWitt County Criminal District Attorney, Office Of The DeWitt County District Attorney's Office, DeWitt County Courthouse, 307 N. Gonzales, 3rd Floor, Cuero, Texas 77954,

3. David Alan Disher, the Appellant's attorney on appeal, David Alan Disher, SBC # 05895600, 1167 FM 2144, Schulenburg, Texas 78956, and

4. The Honorable Jack W. Marr, 24th Judicial District Court 115 North Bridge Street, Victoria, Texas 77901-6544

/s/ *David Alan Disher*

_____
Respectfully submitted,
David Alan Disher, TBC# 05895600
Attorney for Appellant

2

# TABLE OF CONTENTS

Page

Identity of Parties and Counsel............................................. 2

Table of Contents................................................................. 3

Index of Authorities............................................................. 4

Statement Regarding Oral Argument .................................. 5

Statement of the Case ......................................................... 8

**POINT PRESENTED FOR REVIEW**
**The trial court mistakenly believed the State had
the power to revoke its executed agreement during the plea
proceedings without the consent of Mr. Crawford**.......... 11

Statement of Facts............................................................... 12

Summary of the Argument ................................................. 15

**POINT NUMBER ONE RESTATED**
And Argument ...................................................................... 16

Prayer For Relief................................................................. 28

Certificate of Compliance................................................... 29

Certificate of Service .......................................................... 30

## INDEX OF AUTHORITIES

Page

**CASES**

***Buxani v. Nussbaum***, *940 S.W.2d 350,352*
*(Tex.App.—San Antonio 1997, **no writ***) ...................... 25

***In re Green Tee Servicing LLC***, *275 S.W.3d 592, 598*
*(Tex.App.—Texarkana 2008, **no writ***)........................ 25, 26

***Johnson v. Conner***, *260 S.W.3d 575, 581*
*(Tex.App.—Tyler 2008, **no pet.***) .................................. 26

***KW Constr. V. Stephens & Sons Concrete***
***Contrs., Inc.***, *165 S.W.3d 874,883*
*(Tex.App.—Texarkana 2005, **pet. denied***)................... 25

***Ledig v. Duke Energy Corp.***, *193 S.W.3d 167, 175*
*(Tex.App.—Houston [1ˢᵗ Dist.] 2006, **no pet.***) ........... 26

**RULES**

TEX. R. APP. P. 9.4i (3). ....................................................... 29

TEX. R. APP. P. 38.1............................................................ 7

Tex. R. App. P. 39 ................................................................ 5

**MISCELLANEOUS**

\* Citations to the Clerk's Record are indicated by "C.R.", followed

by the volume and page number(s).

\* Citations to the Statement of Facts or Reporter's Record are indicated

"R.R.", followed by the volume and page number(s).

## **STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Tex. R. App. P. 39, the Appellant waives oral argument.

CASE NO.  13-15-00125-CR

IN THE COURT OF APPEALS

THIRTEENTH JUDICIAL DISTRICT

CORPUS CHRISTI, TEXAS

JOSEPH RAY CRAWFORD
APPELLANT

VS.
THE STATE OF TEXAS,

APPELLEE

Cause No. 06-07-10,438

In the 24th Judicial District Court of
DeWitt County, Texas

# BRIEF FOR APPELLANT, JOSEPH RAY CRAWFORD

David Alan Disher
Attorney for the Appellant,
SBC # 05895600
1167 FM 2144, Schulenburg, Texas 78956
Telephone Number:  979-263-5174
Fax Number:  979-263-5183

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

Comes now, Joseph Ray Crawford, herein referred to as Appellant, and submits this brief for the Appellant pursuant to the provisions of TEX. R .APP. P. 38.1

# STATEMENT OF THE CASE

June 16, 2006, the State of Texas indicted Joseph Ray Crawford, Appellant herein for the alleged offense of Retaliation with a punishment range of 2-10 years ID-TDCJ and a fine not to exceed $10,000.00. (C.R., pg. 14).

August 25, 2006, Appellant pled guilty, was found guilty, and was sentenced to ten years ID-TDCJ with a fine of $1000.00. The Court suspended his ten year sentence and placed him on probation for ten years. The fine was not probated. As a condition of probation, Appellant was ordered to do 300 hours of community service and pay restitution. (C.R., pg. 33).

April 29,2014, the State of Texas filed a Petition for Revocation of Probated Sentence in the instant case. (C.R., pgs. 167-173).

October 10, 2014, the State filed its Supplemental Petition for Revocation of Probated Sentence. (C.R., pgs. 194-196).

On or about the 8th day of December a failed attempted plea occurred before Judge Jack Marr. (R.R. 1).

At said plea attempt, the State withdrew their signed written Terms Of Plea Bargain On Revocation. All parties had signed the written Terms Of Plea Bargain On Revocation and had been in agreement with the terms of said document. See (Movant 1, R.R. 5) the plea agreement from the

December 8, 2014 failed plea hearing, offered and admitted at the motion for new trial hearing May 7, 2015 (R.R. 4, pg. 15). The actual plea agreement mutually executed form containing the six year agreement with credit for SAFPF is found near the end of R.R. 5, 13th page from end.

The statement regarding the Appellant's credit for time spent in a Substance Abuse Felony Punishment Facility (SAFPF) or other court-ordered residential program or facility was not checked. (Movant 1, R.R. 5)

During the plea attempt, the State withdrew their offer of six (6) years when the issue of credit for SAFPF was brought before the Judge. (R.R.2, pg. 8).

The State claimed it had made a mistake and was entitled not to go ahead with the plea because of its unilateral mistake. (R.R. 2, pgs. 7-8).

Therefore, the Court reset this matter for a final contested hearing on the 25th day of February, 2015. (R.R. 2, pgs. 8-10).

On or about the 25th day of February, 2015 the Court entered the Judgment Revoking Community Supervision of JOSEPH RAY CRAWFORD, Appellant, on the offense of Retaliation. (C.R. pg. 222 - 226).

On or about the 25th day of February, 2015 the Court sentenced JOSEPH RAY CRAWFORD, Appellant, to ten (10) years' confinement in the Institutional Division Of the Texas Department Of Criminal Justice with

a zero fine. (C.R. pg. 222 - 226).  Appellant did receive his SAFPF credit with 972 days credit on his sentence.  (C.R. pg. 222).

March 4, 2015 JOSEPH RAY CRAWFORD, Appellant, filed the Notice Of Appeal.   (C.R. pg. 229).

March 25, 2015 JOSEPH RAY CRAWFORD, Appellant, filed the Defendant's Motion For New Trial.  (C.R. pg. 248 - 256).

May 7, 2015 the Court orally denied the Appellant's Motion For New Trial.  (R.R. 2, pg. 21).

May 9, 2015 Appellant's Motion For New Trial was overruled by operation of law.

May 11, 2015 JOSEPH RAY CRAWFORD, Appellant, filed the Defendant's/Appellant's Motion For The Trial Court To Enter Findings Of Fact And Conclusions Of Law. (F.S.C.R. pgs. 6 - 8).

May 23, 2015 Judge Jack Marr filed the Findings Of Fact And Conclusions Of Law. (F.S.C.R. pgs. 9 - 10).

## POINT PRESENTED FOR REVIEW

## POINT NUMBER ONE

The trial court mistakenly believed the State had the power to revoke its executed agreement during the plea proceedings without the consent of Mr. Crawford.

## STATEMENT OF FACTS

On or about the 8th day of December a failed attempted plea occurred before Judge Jack Marr. (R.R. 1).

At said plea attempt, the State withdrew their signed written Terms Of Plea Bargain On Revocation. All parties had signed the written Terms Of Plea Bargain On Revocation and had been in agreement with the terms of said document. See (Movant 1, R.R. 5) the plea agreement from the December 8, 2014 failed plea hearing, offered and admitted at the motion for new trial hearing May 7, 2015 (R.R. 4, pg. 15). The actual plea agreement mutually executed form containing the six year agreement with credit for SAFPF is found near the end of R.R. 5, 13 pages from the end.

The statement regarding the Appellant's credit for time spent in a Substance Abuse Felony Punishment Facility (SAFPF) or other court-ordered residential program or facility was not checked. (Movant 1, R.R. 5)

During the plea attempt, the State withdrew their offer of six (6) years when the issue of credit for SAFPF was brought before the Judge. (R.R.2, pg. 8).

Since the State breached their obligation to abide by their written contract on the plea recommendation, signed by Appellant, his attorney, plus the attorney for the State, wherein , JOSEPH RAY

CRAWFORD, Appellant, would have received credit for SAFPF, plus a sentence of six years in the Institutional Division of the Texas department of Corrections. (Movant 1, R.R. 5). The State claimed it had made a mistake and was entitled not to go ahead with the plea because of its unilateral mistake. (R.R. 2, pgs. 7-8).

Therefore, the Court reset this matter for a final contested hearing on the 25th day of February, 2015. (R.R. 2, pgs. 8-10).

On or about the 25th day of February, 2015 the Court entered the Judgment Revoking Community Supervision of JOSEPH RAY CRAWFORD, Appellant, on the offense of Retaliation. (C.R. pg. 222 - 226).

On or about the 25th day of February, 2015 the Court sentenced JOSEPH RAY CRAWFORD, Appellant, to ten (10) years' confinement in the Institutional Division Of the Texas Department Of Criminal Justice with a zero fine. (C.R. pg. 222 - 226).

March 4, 2015 JOSEPH RAY CRAWFORD, Appellant, filed the Notice Of Appeal. (C.R. pg. 229).

March 25, 2015 JOSEPH RAY CRAWFORD, Appellant, filed the Defendant's Motion For New Trial. (C.R. pg. 248 - 256).

May 7, 2015 the Court orally denied the Appellant's Motion For New Trial. (R.R. 2, pg. 21).

May 9, 2015 Appellant's Motion For New Trial was overruled by operation of law.

May 11, 2015 JOSEPH RAY CRAWFORD, Appellant, filed the Defendant's/Appellant's Motion For The Trial Court To Enter Findings Of Fact And Conclusions Of Law. (F.S.C.R. pgs. 6 - 8).

May 23, 2015 Judge Jack Marr filed the Findings Of Fact And Conclusions Of Law. (F.S.C.R. pgs. 9 - 10). The findings were not supported on the record but merely reflect the State's desire as to what it wished the facts would have been to support its legal theory of the case.

# SUMMARY OF THE ARGUMENT

Parties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding."

A unilateral mistake will not normally void a contract. Equity may permit rescission based on a unilateral mistake only when

(1) the mistake is of so great a consequence that to enforce the contract would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake occurred despite ordinary care; and (4) the parties can be placed in status quo, i.e., the rescission must not prejudice the other party except for the loss of the bargain.

Appellant wound up with a sentence four years longer than if the plea contract, signed by all parties, had been enforced 8 December 2014without rescission. Based upon the law cited within the argument, rescission should not have been allowed due to the case law and prejudice incurred by Appellant.

## POINT NUMBER ONE RESTATED

The trial court mistakenly believed the State had the power to revoke its executed agreement during the plea proceedings without the consent of Mr. Crawford.

## ARGUMENT

*Relevant Facts:*

During the plea the State realized they made a unilateral mistake . They had failed to check a box on the executed plea agreement of the parties to take away the SAFPF credit from Mr. Crawford.

Most of the plea proceedings had been accomplished as shown below:

MONDAY, DECEMBER 8, 2014 - DEWITT COUNTY, TEXAS:

THE COURT: 06-07-10438; State of Texas versus Joseph Ray Crawford. All right. Are you Joseph Ray Crawford?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Crawford, on April 29 of 2014 the State filed a petition to revoke your probated sentence, and thereafter on October 10, 2014 the State filed a supplemental petition to revoke your probated sentence. Have you been presented a copy of those?

THE DEFENDANT: Yes, sir.

THE COURT: And did you read them?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand what it is that the State charges you with doing?

THE DEFENDANT: Yes, sir.

THE COURT: All right, sir. And are you the same Joseph Ray Crawford who was sentenced to serve ten years in the Institutional Division of the Texas Department of Criminal Justice and placed on community supervision for ten years and fined $1,000 and restitution for the offense of retaliation?

THE DEFENDANT: Yes, sir.

THE COURT: And you were found guilty of retaliation by judgment dated August 25 of 2006; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: All right, sir. And you are the same Joseph Ray Crawford who was found guilty of the offense of retaliation on August 25, 2006; is that correct, sir?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Mr. Crawford, you have signed some documents in your file and I need to verify that necessary your signature in each other of

them. First of all, if you would approach. Right here is a document entitled trial court certification of defendant's right of appeal. Is that your signature?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And then there is a motion to revoke community supervision plea memorandum consisting of two pages. At the bottom of the second page is that your signature?

THE DEFENDANT: Yes, sir.

THE COURT: All right. There is a waiver of appeal. Is that your signature?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Mr. Crawford, I have to tell you that if I accept your plea in this case that you have waived your right to appeal my judgment. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Next is a waiver of rights and judicial confession revocation of probation. Is that your signature on that document?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Next is a terms of plea bargain on revocation; is that your signature?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Mr. Crawford, did you understand what each document was before you signed it?

THE DEFENDANT: Yes, sir.

THE COURT: Did anybody force you to sign any of the documents?

THE DEFENDANT: No, sir.

THE COURT: Do you feel like you were tricked into signing any of the documents?

THE DEFENDANT: No, sir.

THE COURT: All right. Mr. Crawford, you have been represented by Mrs. Joyce Leita in this matter. Are you satisfied with the legal representation that she's provided to you?

THE DEFENDANT: Yes, sir.

THE COURT: Has she been able to advise you and assist you in preparing for this case?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Mrs. Leita, has Mr. Crawford been able to assist you in preparing for this case.

MRS. LEITA: Yes, sir. He has.

THE COURT: Has he demonstrated a factual and rational understanding of these proceedings?

MRS. LEITA: Yes, sir. He has.

THE COURT: All right. Mr. Crawford, with respect to the State's petition for revocation of probated sentence filed April 29, 2014 and the allegations contained in the State's supplemental petition for revocation of probated sentence filed October 10, 2014, do you plead true or not true?

THE DEFENDANT: True.

(R.R. 2, pgs. 4-7).

Then out of the blue, the State wants to deny Mr. Crawford hundreds of days credit for his SAFPF time as illustrated below:

THE COURT: All right, sir. What is the State's recommendation in this matter?

MR. MANNING: Well, I'd also like to mention, Judge, that the State has just received *new information* that the category to waive any right to credit for time spent on SAFPF was inadvertently left off the plea terms, but the previously agreed terms were six years confinement in the TDCJ, court cost, court appointed attorney's fees, withdraw all pretrial motions and waive all rights to appeal including notice of appeal and motion for new trial. So that may be of concern for the Defense. (R.R. 2, pgs. 7-8).

Next the Court did not honor the signed written plea agreement as shown below:

20

THE COURT: Okay. Why don't you explain to me again what you were referring to.

MR. MANNING: The last box on our terms of plea bargain.

THE COURT: Right.

MR. MANNING: Waive any right to credit.

That was inadvertently left off that I just received word on.

THE COURT: Okay.

MR. MANNING: And I let Mrs. Leita know of that and she advised that I bring that up with you, Judge.

THE COURT: Well, it's either part of the plea agreement or it's not.

MR. MANNING: It's part of it.

THE COURT: And so, Mrs. Leita, if it's not part of the plea agreement then we don't have a plea and I'll reset this matter and give you and your client further time to consider the plea. And I can reset this for December 15 and y'all can address it at that time if you like.  (R.R. 2, pg. 8).

Finally the Court incorrectly concluded that since the State had made a mistake the Court had no choice but to not accept the deal previously agreed as indicated below.

MRS. LEITA: Yes, sir. The --

MR. MANNING: The State would be fine to have it on the February 25 revocation hearing as well.

MRS. LEITA: Able to have a hearing. Our next step is a hearing. They won't allow us to do a plea after this.

MR. MANNING: Well, that -- I mean, you are welcome to take a plea but if we wanted to go ahead and put it on the February 25 revocation hearing scheduled, if they plea between now and then that's on their prerogative.

THE COURT: Mrs. Leita, I certainly do not want to put you or your client in a position of accepting a plea bargain that you didn't understand that y'all were accepting. My only alternative though is to reset this matter.

(R.R. 2, pgs. 8-9).

When asked if the reset was acceptable to Mr. Crawford, he let the Court know *he thought he had had a deal which he still wanted to do* as he had expected. ( 6 years TDCJ with credit for SAFPF.)  See below:

MRS. LEITA: I understand.

THE COURT: To allow y'all time to further consider.

MRS. LEITA: Yes.

THE COURT: And so is it your wish to go ahead and reset this matter?

MRS. LEITA: I believe it is. Is that what you want to do, Mr. Crawford?

THE DEFENDANT: Yeah, because I didn't – we spent all this time to get that all understood and then when I get up here it's not understood no more so, yeah, I'm not taking that.

THE COURT: I understand completely, Mr. Crawford, and so what we'll do is on the revocation docket for what day would that be, Counsel?

MR. MANNING: There's another one currently scheduled on February 25, 2015.

THE COURT: All right. 2-25 of 2015.

MR. MANNING: Yes, sir.

THE COURT: All right. I'm going to reset this matter for trial on the merits on the revocation docket for February 25, 2015 at 9:00 a.m. in district courtroom, DeWitt County, Texas. And I'm going to order that the Defendant and Counsel for the State and Counsel for the Defense be present and ready to proceed at that time. In the event that there is a change in position of the parties with regard to the a perhaps a negotiated plea, this matter can be heard. I'm not going to set it, but this matter can be heard next Monday on the civil docket because I believe that there is another event that's going to occur that day which will require the presence of a member of the district attorney's staff on that date. And so if y'all decide that you've

worked out a plea by that time y'all can do it and then avoid the February 25, 2015 trial date.

MRS. LEITA: Yes, sir.

THE COURT: All right? Thank y'all. We are now adjourned for the day. Mrs. Leita, we need an order of reset.

---END PROCEEDINGS---  (R.R.2, pgs.  9-11).

Mr. Crawford reiterated his complaint that the Court denied his right to proceed with the executed plea agreement.

MR. DISHER: We'll object to a compound question. I think my client will admit that the judge with -- said that there is no agreement so he's withdrawing the plea. But my client never agreed to withdraw the plea. He still wanted to go ahead with it and still does now.

MR. SHEPPARD: Okay. But let me just --

Q. (BY MR. SHEPPARD) You did withdraw your plea of true on December 8?

MR. DISHER: No.

A. No.

MR. DISHER: The judge did.

MR. SHEPPARD: The judge did.

MR. DISHER: Yeah. It's on the record.

Q. (BY MR. SHEPPARD) And then -- that's fine. On a later occasion a month or two later there was a hearing in front of Judge Williams on this same motion to revoke; is that right?

A. Yes, sir.

Q. And at that hearing you pled not true to the allegations in the petition?

A. Yes, sir.

Q. Is that correct?

A. Yes,

(R.R, 4, pgs. 18-19).

*Legal Background:*

*In re Green Tee Servicing LLC*, 275 S.W.3d 592, 598 (Tex.App.—Texarkana 2008, *no writ*) it stated, "Parties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *KW Constr. V. Stephens & Sons Concrete Contrs., Inc.*, 165 S.W.3d 874,883 (Tex.App.—Texarkana 2005, *pet. denied*); *Buxani v. Nussbaum*, 940 S.W.2d 350,352 (Tex.App.—San Antonio 1997, *no writ*).

***In re Green Tee Servicing LLC*** *at 599* explains further, "A unilateral mistake will not normally void a contract. **See** **_Johnson v. Conner_**, *260 S.W.3d 575, 581 (Tex.App.—Tyler 2008,* **_no pet._**)*; **_Ledig v. Duke Energy Corp._**, *193 S.W.3d 167, 175 (Tex.App.—Houston [1ˢᵗ Dist.] 2006,* **_no pet._**)*. Equity may permit rescission based on a unilateral mistake only when

> (2) the mistake is of so great a consequence that to enforce the contract would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake occurred despite ordinary care; and (4) the parties can be placed in status quo, i.e., the rescission must not prejudice the other party except for the loss of the bargain.

***Application of the law to the facts:***

Appellant wound up with a sentence four years longer than if the plea contract, signed by all parties, had been enforced 8 December 2014without rescission. Based upon the law cited above, rescission should not have been allowed due to the law and prejudice incurred by Appellant.

*Requested Relief:*

For the above reasons and facts, Appellant prays the Court find that the Court abused its discretion in believing it had no discretion but to cancel the plea due to the unilateral mistake of the State. Appellant prays he be allowed to go forward with his plea for 6 years and credit for SAFPF with 972 days credit on his sentence or that the 13th Court of Appeals reform and lower the sentence from 10 to 6 years as had been agreed by the parties executed plea agreement dated 8 December 2014 with credit for SAFPF with 972 days credit on his sentence.

## PRAYER FOR RELIEF

For the above reasons and facts, Appellant prays the Court find that it should revise the judgment in part giving the same credit for time served with 972 days credit on his sentence but changing the number of years to serve in TDCJ from 10 to 6 pursuant to law and in the interest of justice.

Respectfully submitted,

/s/ David Alan Disher

_____
David Alan Disher, TBC # 05895600
Attorney at Law
1167 FM 2144
Schulenburg, Texas
Phone number:  979-263-5174
Fax number: 979-263-5183

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify, pursuant to I certify, pursuant to TEX. R. APP. P. 9.4i (3)  that this document contains 4267 words.

/s/ *David Alan Disher*

_____
David Alan Disher, TBC # 05895600
Attorney at Law
1167 FM 2144
Schulenburg, Texas
Phone number:  979-263-5174
Fax number: 979-263-5183
e-mail: disherdave@aol.com

# CERTIFICATE OF SERVICE

I certify that the original foregoing Appellant's Brief has been served via e-filing

Ms. Dorian E. Ramirez, Clerk
Court of Appeals,
13th District, 10th Floor
 Nueces County Courthouse
901 Leopard
Corpus Christi, Texas 78401;

and a copy of the Appellant's Brief has been served following persons by personal delivery or via postpaid, U.S. mail, return receipt requested or via Fax, to

Mr. Michael Sheppard
DeWitt County Criminal District Attorney
Office Of The Refugio, DeWitt and Goliad County District Attorney's Office
DeWitt County Courthouse
307 N. Gonzales
3rd Floor
Cuero, Texas  77954, and

JOSEPH RAY CRAFORD, Appellant, at his last known addresses as follows:
Inmate
Garza West
4250 Hwy. 202
Beeville, Texas 78102

By postpaid, U.S. mail, return receipt requested on this the 22nd day of September 2015.

/s/ *David Alan Disher*

_____
David Alan Disher
Attorney for the Appellant