

NUMBER 13-15-00125-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**JOSEPH RAY CRAWFORD,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

On appeal from the 24th District Court
of Dewitt County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Perkes and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Joseph Crawford was charged with retaliation against a witness, a third-degree felony offense. *See* TEX. PENAL CODE ANN. § 36.06(c) (West, Westlaw through 2015 R.S.). Crawford was placed on probation. Years later, the State requested the trial court to revoke his probation. The parties reached a plea agreement, but the State

withdrew from the agreement. In a single issue on appeal, Crawford argues that the trial court erred by allowing the State to withdraw from its plea bargain agreement. We affirm.

## I. BACKGROUND

On August 25, 2006, Crawford entered an open guilty plea to the retaliation charge and received a ten-year sentence in the Texas Department of Criminal Justice—Institutional Division (TDCJID). His sentence was suspended, and Crawford was placed on probation for ten years. On April 29, 2014, the State filed a petition to revoke Crawford's probation alleging that Crawford violated several terms of his probation.

On December 8, 2014, the trial court held a hearing on the motion to revoke Crawford's probation. Crawford and the State reached and signed a plea agreement regarding his probation being revoked. However, during the hearing, the State informed the court that a mistake had been made in the agreement. The plea agreement, as written, would have granted Crawford four years of credit on his ten-year sentence for time spent in Substance Abuse Felony Punishment Facilities. However, the State did not intend to give Crawford credit for his time in the substance facilities; the State intended Crawford to waive any credit he may have been entitled to receive for time spent in the facilities. After the trial court discussed the apparent mistake with both parties, the following exchange occurred:

[Trial Court]: And so is it your wish to go ahead and reset this matter?

[Crawford's Counsel]: I believe it is. Is that what you want to do, Mr. Crawford?

[Crawford]: Yeah, because I didn't – we spent all this time to get that all understood and then when I get up here it's not understood no more so, yeah, I'm not taking that.

2

Therefore, the trial court allowed the State to withdraw its plea agreement and reset the case for a final contested hearing on February 25, 2015. At the hearing, the State asserted various grounds to revoke Crawford's probation; Crawford pled not true to the allegations. The trial court found the State's allegations true, revoked Crawford's probation, and sentenced him to ten years' confinement in the TDCJID. This appeal followed.

## II. PLEA BARGAINS

In his sole issue on appeal, Crawford argues that the trial court mistakenly allowed the State to withdraw from its signed plea bargain agreement.

### A. Applicable Law

"At its core, a plea bargain is a contract between the state and the defendant." *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). Both the State and the defendant are bound by the terms of the agreement "once it is accepted by the judge." *Id.* But until the trial court accepts the plea bargain agreement in open court, the plea bargain is not binding on any party. *See id.*; *Bitterman v. State*, 180 S.W.3d 139, 142 (Tex. Crim. App. 2005); *Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West, Westlaw through 2015 R.S.).

### B. Discussion

Crawford argues that the State should not have been allowed to withdraw its plea bargain agreement since the State had already entered into a binding contract. Furthermore, as Crawford suggests, it is true that "a unilateral mistake will not normally void a contract." *In re Green Tree Servicing LLC*, 275 S.W.3d 592, 598 (Tex. App.—Texarkana 2008, no writ). However, there must first be a valid contract. In the hearing

3

on December 8, 2014, the trial court went through all of the required admonishments for a plea of "true." *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a). But before the trial court announced its acceptance or rejection of the plea agreement, the State informed the court of a mistake it made in drafting the agreement and the plea agreement was withdrawn. Since a plea bargain is only a tentative agreement until the judge accepts it, there was no binding contract and the State could properly withdraw from the agreement. *See Moore*, 295 S.W.3d at 331; *Ortiz*, 933 S.W.2d at 104. Therefore, the trial court did not err in allowing the State to withdraw from the agreement.

We overrule Crawford's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

Nora L. Longoria
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of December, 2015.

4